Rosario Marinello

    Plaintiff

vs.

California Department of Corrections
and Rehabilitation

    Defendant

FILED
08 MAR 25 PM 12:43

Case # C-08-0664-EDL
Motion for Default Judgment

Initial Case management conference: May 6th, 2008 at 10:00 AM
Rosario Marinello Proceeding in Forma Pauperis

Case # C-08-00664 EDL

Action Requested:

1) Removal of Permanent Withhold, Reinstatement on Eligible Status for the Correctional Counselor I Open Promotional List, and hired within a reasonable time frame.

Rosario Marinello

    Plaintiff

vs.

California Department of Corrections
and Rehabilitation

    Defendant

Case # C-08-0664-EDL
Motion for Default Judgment

Initial Case management conference: May 6th, 2008 at 10:00 AM
Rosario Marinello Proceeding in Forma Pauperis

Case # C-08-00664 EDL

Action Requested:

1) Removal of Permanent Withhold, Reinstatement on Eligible Status for the Correctional Counselor I Open Promotional List, and hired within a reasonable time frame.

Brief

Plaintiff Position on Withhold Placement

1) **Completed and Passed Qualification Exam.**

Exhibit 1: Notice of Current List Eligibility – Dated 02/20/07
Exhibit 2: Notice Dated May 10th, 2007 from CTF Soledad Personnel Office

I completed and passed an exam in November of 2005 for the Position of Correctional Counselor I with a respectable score and ranking. I was placed on an Open Promotional List and attended approximately fifteen Interviews. According to the feedback I received from panel members, I completed the interviews in a reasonably efficient manner. As of February 20th, 2007 I was listed as Eligible for Correctional Counselor I by the Department of Corrections & Rehabilitation Certification Unit. On May 10th, 2007 I received a letter stating that I was no Longer eligible

## 2) **Department Position Is Not Accurate**:

Department position: Unsuitable for the position of Correctional Counselor I due to:

- Poor Employment history
- Inaccurate Information-Education

Exhibit 3: Withhold Response Form dated December 28th, 2006

My position:

I have been employed full time or received income from a business that I owned for twenty seven of the twenty eight years, between 1979 until 2006. The Business maintained a 40% Net Profit Margin six of the seven years I managed it. During my entire employment history I have never been "fired" from a job.

Exhibit 4: Academic Evaluations

I have completed the entire curriculum for a Masters of Business Administration Degree from an accredited university and graduated with honors.

Exhibit 5: Academy Certificate

My Performance and Experience during my employment with Department of Corrections at the Correctional Training Facility in Soledad from 1986 until 1993 does not reflect the comments on my Background Information Transmittal: I did not have any negative Performance Evaluations or written Letters of Instruction. My performance was standard to excellent. I was a member of the Special Emergency Response Team for five years which requires a high degree of achievement, skills, conduct, and decision making.

## 3) **Was Not Given Mandatory Performance Evaluations**

Exhibit 6: Employment Inquiry for CTF Soledad dated 01/27/06

The Employment Inquiries for CCI state that I must submit a copy of my most recent Performance Evaluation with my application in order to interview.

I did not receive any employment for a two year period from November 2003, until November 2005. In comparison with my co-workers during that period my performance was between standard and outstanding. Not having a recent Performance evaluation during this period gave me a disadvantage in the interview process.

Brief Continued

Plaintiff Position on Background Investigation

### 4) Responses to Background Investigation Unit, Confidential Information Transmittal

Exhibit 7: Confidential Information Transmittal 11/29/2005

Adverse Action 2003-ERO-019 / SPB Case #04-0650 (Not Placed In Personnel File)

On August 1st, 2003 at approximately 1600 hrs I attempted to inform my immediate Supervisor, Dori Uganiza, about the situation with Inmate Pilgrim. There was no response from the Canteen Office phone. At app. 1630 hrs in the Canteen Office, prior to my departure from SVSP, I informed Mrs. Uganiza that I sold Inmate Pilgrim $ 34.65 in Canteen Items with the use of a signed and fingerprinted Inmate trust account withdrawal. There were no Incidences following Inmate pilgrims return to his housing unit and the full amount was recovered from Inmate Pilgrims Trust account. **All Items were accounted, paid for, and issued to Inmate Pilgrim.** This incident does not fit the criteria for an Adverse Action: There is no Inexcusable Neglect of Duty or Willful Disobedience in the nature requiring Adverse Action.

### 5) This Adverse (2003-ERO-019) should not have been in my personnel file according to the stipulations in *SPB case # 04-0650, thus should not be used against me in a background Investigation.

Exhibit 8: SPB Case #04-0650 Stipulation for Settlement

### 6) Not Providing Proper Representation for SPB Case #04-0650 :

* Exhibit 9: Stationary Engineers, Local 39 letter dated June 2, 2004

At the SPB hearing on June 8th, 2004, the Local labor union did not provide me with proper representation according to the bargaining Union Agreement for Disciplinary Action concerning report # 2003-ERO-019.

This letter was in regards to case # 04-0650. It states that they withdrew from my representation in this matter. I received the letter on June 5th, 2004, thus did not allow me to properly prepare to appear June 8th, 2004.

### 7) Incorrect Information

Exhibit 10: Letter of Instruction Dated April 23rd, 2004

I did leave the Warehouse Forklift unattended in front of Complex 1 control. However, this was normal procedure when turning in the canteen master set for M&SSI's. **This area was in use for temporary parking of SVSP transportation carts and utility vehicles** since I began serving in Canteen. To the best of my knowledge the forks were not too far above the ground and the keys were not in the ignition. There was no "Poor Judgment on my part" The woman in question did not state that she tripped on the forklifts or injured herself. She only gave me advice on parking the forklift in a safer area away from the walkway. I replied politely in agreement with her and returned to the Canteen Office. I did not say that I did not like my job, and I apologized for my abrupt behavior towards Mrs. Beza and gave my account of the incident. After that incident Warehouse forklifts were no longer allowed on the Complex 1 walkway.

### 8) Unwarranted Employee discipline

Exhibit 11: Adverse Action Dated February 28, 2003

I initially appealed this adverse; however it was reinitiated again the following year. On April 13th, 2002 there was a Canteen order totaling $ 80.65, which was distributed to the wrong Inmate. The Perpetrator used a false ID. The Inmate should not have been in the secure area of the canteen window with this altered ID. I did obtain a signature and an Identifiable print on the receipt; however the identity of the perpetrator was not determined.

It is questionable whether I was directly responsible for the incident on August 17th, 2001; the incident was not reported to me until five days after I allegedly occurred. The shortages totaling $153.65 during the February 2003 inventory period were determined as theft by inmate workers. Inmate workers assigned to the Canteen during that inventory period were disciplined according to CDC Title 15.

The dates of these violations range from August 17th, 2001 until February of 2003. This period covers nearly two years. The same discrepancy is not repeated, thus Initial disciplinary reports should have been reduced to verbal instruction. It should also be noted that my draw totals during this period averaged approximately $ 24,000.00 per month or approximately $288,000 per year. Most of my assignment was at SVSP B& C Facilities (Level IV Facilities) during that period. The length of time between these discrepancies, and the volume of sales during this period does not warrant an adverse letter for inefficiency.

### 9) Disagreement with Performance Evaluation.

Exhibit 12: Performance Evaluation Nov 02-Nov 03 (Not Available)

I disagreed with the evaluation and did not sign it. **I did not receive an evaluation for the rest of my employment as an M&SSI from Nov 03-Jun 06.**

During My five year tenure as an M&SSI in the Salinas Valley State Prison Canteen I was consistently within State mandated guidelines for Damages and Losses. I was assigned to Facility Canteens with the highest sales volume, completed monthly draws efficiently, and within deadlines. **For the approximately fifty months of Canteen Draws that I performed my inventory was outside the acceptable range of standard deviation approximately four months.** These variances from the acceptable range were due to; Inmate theft, staff errors, equipment malfunction, or were unexplained. Acceptable range for losses is calculated as a percent of Total Sales. (Ex: .003 x Total Sales for the month.) My normal month being a $24,000.00 draw, the acceptable limit would be $72.00 in losses.

### 10) Bias Interpretation of Personal History

I did discontinue The Basic Correctional Officer Academy in 1996 due to a staffing problem with my small business. I was not able to secure a full-time manager, which caused a conflict of interest. It was not possible to attend the academy and become a full-time Correctional Officer, while operating a business that required forty hours or more a week of my time.

I do not use any controlled substance. I have not used any controlled substance outside of those three incidences I mentioned in my personal history. None of the incidences occurred during the hiring process for a Correctional Peace Officer Position.

Exhibit 13: Profit and loss statements from small business (available if needed).

## 11) Documents Removed from File

Exhibit 14: Memorandum dated September 13th, 2005 & listed LOI's

The following documents have been removed from my personnel file, thus are not to be used negatively in an employment placement or promotion after the removal date.

LOI dated 8/9/2001

LOI dated 10/11/2001

LOI dated 2/27/2002

Adverse Action dated 2/28/2003 removed after March 1st, 2006.

## 12) Accepted a 24 Month Limited Term Position as a CCI on March 3rd 2005

Exhibit 15: Chronological list of events since March 3rd, 2005 and related documents.

The documents in exhibit #16 show the chronological list of events since I was Initially offered the Position of Correctional Counselor I at CTF Soledad on March 3rd, 2005. During the three years that have elapsed I have incurred personal damages that are a direct result of not being placed in this position.

## Summary

According to my analysis I am suitable for the position of Correctional Counselor I; I have seven years of Custody experience; I have completed the curriculum for a Masters degree from an Accredited University; and I have five years experience in a Business Services Division. However, I was subject to unwarranted employee disciplinary reports for several years; my analysis concludes the adverse letters I received did not fit the criteria for an adverse action: Inexcusable neglect of duty, inefficiency, or other failure of good behavior. One adverse letter, according to SPB case # 04-06501, was removed from my file and not to be used in an evaluation. I always performed my duties in a diligent and efficient manner the entire five years as an M&SSI, as I did when I was a Correctional Officer at CTF Soledad. I also have a wider range of skill sets that are applicable to a most Management position requirements. Thus my conclusion is that was Retaliation involved.

I request that I be immediately placed back on the Eligibility List for Correctional Counselor I, and hired within a reasonable time frame. <u>I would accept a being placed in a comparable position as a settlement.</u>


I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in dismissal of my claims.

*Rosario Marinello*     3/21/08
Rosario Marinello       Date

Rosario Marinello

    Plaintiff

vs.

California Department of Corrections
and Rehabilitation

    Defendant

FILED
08 MAR 25 PM 12:49

Case # C-08-00664-EDL

Motion for Default Judgment

Initial Case management conference: May 6th, 2008 at 10:00 AM
Rosario Marinello Proceeding in Forma Pauperis

Case # C-08-00664 EDL

Action Requested:

2) Dismissal of Charges pending from Internal Affairs Investigation # CC N-II-SVSP-356-06-A

Brief

Due to the length of time and failure of the Respondent to resolve this matter through the Appeals process with the State Personnel Board, and my lack of fault in this matter, I am requesting dismissal of the following allegations:

Exhibit 16: Letter from the Office of Internal Affair dated 8/23/2006

Allegation 1: On March 30th, 2006 it was alleged that I ordered Inmate Perez (p-44540) from his cell to report to work in the A-Facility Canteen.

My position: I do not have the authority to release an inmate from his housing unit to a job sight during a modified program. Inmate Perez was escorted to his job sight in A Facility Canteen by Facility Sgt. Thomas. It was not possible for me to circumvent procedures to release the inmate. I only inquired as to the status of workers during the modified program. I was not given an answer, I only received inmate Perez from Sgt Thomas into my supervision at the job sight. Inmate Perez was at that time an A Facility Canteen critical worker.

Allegation 2: Also on March 30th, 2006 it is alleged that I became over-familiar with Inmate Perez and gave him a bag of Potato chips.

Exhibit 17: Copy - Title 15 rule # 3400 / 3401

My Position: According to CDC Title 15 rule #3400 (Familiarity) Employees must not engage in undue familiarity with inmates, parolees, or the family and friends of inmates and parolees. During my entire supervision of inmate Perez I maintained a professional attitude and demeanor. I only discussed affairs that related to Job duties or pertaining to the process and delivery of Canteen items for that particular day. The allegation is not specific as to the extent of over-familiarity. An allegation such as this must be specific.

I also did not give Inmate Perez a bag of Potato chips, this allegation is under Title 15 rule # 3401 Employees and Inmate Relations.

These allegations have caused an invasion of interest in my reputation. This matter must be cleared immediately.

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in dismissal of my claims.

*Rosario Marinello*        3/24/08

Rosario Marinello        Date