Rosario Marinello

     Plaintiff

vs.

California Department of Corrections
and Rehabilitation

     Defendant

Case # C-08-0664-EDL
Motion for Default Judgment



Initial Case management conference: May 6th, 2008 at 10:00 AM
Rosario Marinello Proceeding in Forma Pauperis

## List of Exhibits

Exhibit 1: Notice of List Eligibility – Dated 02/20/07
Exhibit 2: Notice dated May 10th, 2007 from CTF Soledad Personnel Office
Exhibit 3: Withhold Response Form dated December 28th, 2006
Exhibit 4: Academic Evaluations
Exhibit 5: Academy Certificate
Exhibit 6: Employment Inquiry for CTF Soledad dated 01/27/06
Exhibit 7: Confidential Information Transmittal 11/29/2005
Exhibit 8: SPB Case #04-0650 Stipulation for Settlement
     Copy of ER-019 available on request.
Exhibit 9:  Stationary Engineers, Local 39 letter dated June 2, 2004
Exhibit 10: Letter of Instruction Dated April 23rd, 2004
Exhibit 11: Adverse Action Dated February 28, 2003
Exhibit 12: Performance Evaluation Nov 02-Nov 03 (not found)
Exhibit 13: Profit and loss statements from small business (available if needed).
Exhibit 14: Memorandum dated September 13th, 2005 & listed LOI's

LOI dated 8/9/2001
LOI dated 10/11/2001
LOI dated 2/27/2002
Adverse Action dated 2/28/2003 removed from file after March 1st, 2006.

Exhibit 15: Chronological list of events since March 3rd, 2005 and related documents.
Exhibit 16: Letter from the Office of Internal Affair dated 8/23/2006
Exhibit 17: Copy - Title 15 rule # 3400 / 3401

Case # C-08-0664-EDL

Exhibit#_____/_____

FILED

MAR 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

```
CRT428     DEPARTMENT OF CORRECTIONS & REHABILITATION          02/20/2007
PNRXC                    CERTIFICATION UNIT
           1515 S ST, RM 556 NORTH, SACRAMENTO, CA  95814
           P. O. BOX 942883, SACRAMENTO, CA  94283-0001
                         TELEPHONE  (916) 324-6919
           CALIFORNIA RELAY SERVICE (HEARING IMPAIRED ONLY) 1-800-735-2929 (TDD)
```

NOTICE OF CURRENT LIST ELIGIBILITY

```
     MARINELLO          ROSARIO             HOME: (831) 375-4216
     266 RESERVATION RD. F-232              BUSN: (831) 678-5500
     MARINA              CA 93933                 7568
```

THIS NOTICE IS BEING SENT TO YOU TO PROVIDE CONFIRMATION OF THE
PERSONAL DATA CHANGES THAT WERE REQUESTED.  PLEASE RETAIN THIS NOTICE
FOR FUTURE REFERENCE.  IF THE CHANGES ARE INCORRECT, PLEASE NOTIFY US
IN WRITING AT THE ADDRESS ABOVE.

CLASS:  99041   CORRECTIONAL COUNSELOR I

LIST TYPE:    DEPARTMENTAL OPEN
LIST STATUS:  ACTIVE
LIST DATE:    11/28/2005

CURRENT LIST LIFE:  48 MONTHS

YOUR CURRENT STATUS: ( ACTIVE )

YOUR SCORE:   85.00   WAIVERS USED:  1

LOCATION(S) YOU WILL WORK:
   2701 CORRECTIONAL TRNG FACILITY    2708 SALINAS VALLEY STATE PRISON
   3404 FOLSOM STATE PRISON           1606 CALIF STATE PRISON, CORCORAN
   3715 R J DONOVAN CORR FACILITY

TYPE OF EMPLOYMENT YOU WILL ACCEPT:
   PERMANENT - FULL TIME ONLY.
   TEMPORARY - FULL TIME ONLY.

Case # C-08-0664-EDL

Exhibit#_____2_____

**DIVISION OF ADULT OPERATIONS**
**CORRECTIONAL TRAINING FACILITY**
P.O. Box 686
Soledad, CA 93960



May 10, 2007

Rosario Marinello
266 Reservation Rd #F-232
Marina, CA 93933

Dear Mr. Marinello:

Thank you for your interest in the Correctional Counselor I vacancy at the Correctional Training Facility.

However, I regret to inform you, we are unable to schedule you for the Correctional Counselor I interviews. We were informed by Salinas Valley State Prison, Personnel Office that you had resigned effective June 30, 2006. Therefore, you are not eligible to interview for a lateral transfer.

Unfortunately, you are no longer on the Correctional Counselor certification list. The State Personnel Board has placed you on a Permanent Withhold for the Classification of Correctional Counselor I. You will need to contact the State Personnel Board if you have any questions regarding this matter.

If you have any questions regarding the interviews, you may call me at 678-3951, extension 4571.

Sincerely,

Lupe Rios
Staff Services Analyst
Delegated Testing Office

cc:  cert file

Case # C-08-0664-EDL

Exhibit#_____3_____

## WITHHOLD FROM CERTIFICATION
## APPEAL REPORT

**PARTIES TO THE APPEAL:**     Rosario Marinello; California Department of
                               Corrections and Rehabilitation (CDCR) *(formerly*
                               *Department of Corrections)*

**CLASSIFICATION:**            Correctional Counselor I

**DATE OF HEARING:**           None.  Written Record

### AUTHORITY FOR WITHHOLD ACTION:

Government Code § 18935(n)[1] and Title 2, California Code of Regulations (2CCR), §
172[2].

### SUMMARY OF REASONS:

The appellant, Rosario Marinello, was withheld from certification because he furnished
inaccurate information and has a negative employment history.  As a result, his
suitability for a peace officer position is in question.

### DEPARTMENT'S POSITION:

The appellant completed his Personal History Statement (PHS) in March 2005.  The
background investigation revealed that on May 19, 2005, the Central Selection Center
of the Peace Officer's Selections received an Individual Service Request from the
Correctional Training Facility (CTF) to begin a background investigation on the appellant

---

[1] Government Code § 18935(n) provides that the State Personnel Board may withhold from certification
anyone who is, in accordance with Board regulation, found to be unsuited or not qualified for employment.
[2] Title 2, California Code of Regulations, § 172 requires that all candidates for State Civil Service possess
the general qualifications of integrity, honesty, sobriety, dependability, industry, thoroughness, accuracy,
good judgment, initiative, resourcefulness, courtesy, ability to work cooperatively with others, and
willingness and ability to assume the responsibilities and to conform to the conditions of the work
characteristic of the minimum qualifications of each classification and need not be specifically set forth
therein.

**Appeal of Rosario Marinello**

for the purpose of appointing him to the position of Correctional Counselor I. As a result of the background investigation the appellant was not cleared for hire. The decision not to hire the appellant for this position was based on several issues.

The appellant was previously employed as a Correctional Counselor at the CTF from August 1986, until he resigned in July 1993, to complete college and assist with a family business. The appellant reapplied for a Correctional Counselor position and was attending the academy in 1996 when he resigned for personal reasons.

The appellant has been employed with CDCR since June 2001, at Salinas Valley State Prison, as a Materials and Stores Supervisor I, for the Inmate Canteen. The recent background investigation revealed the appellant has consistently shown poor judgment and fails to abide by established facility procedures and policies. The appellant had two adverse actions, one in March 2004 and one in March 2005, which resulted in two separate 5% reductions-in-pay, for six months each.

These adverse actions were the result of the appellant's neglect of duty, and poor behavior during and outside of duty hours. There were two incidents cited where the appellant's failure to follow proper procedures caused a loss of funds and jeopardized inmate safety. The appellant also received a letter of instruction for the improper use of prison machinery. The appellant's performance evaluation for the period between November 2002 and November 2003 noted that the appellant needed to improve his work habits, staff relationships and work schedules.

The appellant received two letters of instructions in 2001, and one in 2002, for dereliction of duty. The background investigator also noted that the appellant disclosed the use of Cocaine in 1985, which was same year he was undergoing a background investigation with CDCR, which he cleared for a peace officer position. The appellant also disclosed the use of marijuana in 1996 at the age of thirty-six. The background

**Appeal of Rosario Marinello**

investigator noted that the appellant's use of illegal drugs demonstrates poor judgment and a disregard for the law.

The investigator also noted that on the appellant's current application he states that he was awarded a Masters of Business Administration (MBA) from Golden Gate University in May 2003. The transcripts reviewed by the investigator indicated he was working towards a Masters Degree, but there wasn't any evidence to verify that the degree had actually been awarded. The appellant insisted he had attained the degree, but could not provide the transcripts because he owed the school money.

## APPELLANT'S POSITION:

The appellant stated in his appeal letter that he decided not to continue at the Correctional Academy in 1996 because he could not find help for his small business. The appellant said he was not aware of any adverse action in 2003, and did not practice bad behavior when he was off duty. The appellant also stated that he was never served with an adverse action as a result of budget problems at the Inmate Canteen and there wasn't any monetary loss.

The appellant also stated that the contents of the Letter of Instruction he received in April 2004, were inaccurate. He stated that he did not agree with the performance evaluation covering the period between November 2002 and November 2003. The appellant said he did not use illegal substances while undergoing a background investigation.

The appellant insisted that he does possess a MBA in Management from Golden Gate University, and it was completed in May 2003. According to the appellant, the diploma is in the Administration Office at the University, pending a balance due on his tuition. The appellant asked for reconsideration of his application for a Correctional Counselor I position with CDCR.

**Appeal of Rosario Marinello**

The appellant further states that on June 30, 2006, he "resigned from SVSP as a SSI with no fault."

**CONCLUSION:**

The appellant was previously employed as a Correctional Counselor for seven years at CTF. He resigned from this position to complete college and attend to personal matters. He reapplied to CDCR and attended the Training Academy in 1996, when he resigned for personal reasons. The appellant has been employed at CTF as a Materials Stores Supervisor since 2001. The background investigation revealed the appellant has a poor performance record and has received both verbal and written reprimands, and two adverse actions. The appellant's performance evaluations from November 2002 through November 2003 stated he needed improvement in the quantity and quality of his work, relationship with co-workers and meeting work commitments.

The appellant claimed to have completed work for a Masters Degree, but he failed to provide transcript verification. The appellant's negative employment history and furnishing inaccurate information eliminates him from the selection process for a Correctional Counselor I position.

The Appeals Division staff concurs with the CDCR that the appellant does not meet the standards required of a prospective peace officer.

Based upon the evidence contained in the written record, the appellant does not meet the general requirements set forth in 2CCR § 172. The appeal of Rosario Marinello should be **DENIED** and the withhold action sustained.


# "Original Signed by"

---

Lanny Berry, Appeals Staff

Case # C-08-0664-EDL

Exhibit#_____4_____

Student............: Mr. Rosario Marinello (0102891)
Program............: Master of Business Administration - Management (MBA.MGMT)
Catalog............: 2001
Ant Completion Date: 01/06
Email Address......: Sarro2001@aol.com
------------------------------------------------------------------------------
*This Evaluation is provided for advisement purposes and does not
represent an official statement of your academic status.*
*******************************************************************

**If you believe there is an error on your evaluation, please send a
detailed email message to evaluations@ggu.edu ********************
*******************************************************************

**ATTENTION**  The grade point and unit totals on this academic
evaluation include all coursework from Golden Gate University.  It is
not an accurate reflection of the GPA and units completed for this
specific degree program and/or academic level.  Information regarding
your GPA and units completed can be obtained on your grade report or
from an official transcript.  Please contact the Office of Records
and Registration for additional clarification if necessary.
*******************************************************************

Program Status: Complete

|  |  | Required | Current........ Earned | Remaining | Anticipated(*)....... Additional | Remaining |
|---|---|---|---|---|---|---|
| Institutional Credits: |  | 36.00 | 90.00 | 0.00 |  | 0.00 |
| Institutional GPA....: |  | 3.000 | 3.830 | Met |  |  |
|  | Credits: | 42.00 | 150.00 | 0.00 |  | 0.00 |
|  | GPA....: | 3.000 | 3.830 | Met |  |  |

(*) Anticipates completion of in-progress and registered courses
================================================================================
Statuses: W=waived, C=Complete, I=In progress, N=Not started
P=Pending completion of unfinished activity
================================================================================
C) 1: MBA Proficiency Requirements
   Credits: 3
   Complete both subrequirements:
   W) A: Graduate Writing
      > ENGL*301 - Graduate Writing II
!! Exception
   GMAT Waived


   C) B: Math30
      > Complete the math proficiency by taking an equivalent of
      > College Algebra with MATH*30 or MATH*200
         MATH-30........ 92/SP     ---      3  *TE
================================================================================
C) 2: MBA Foundation - All Programs (except Accounting)
   Credits: 30
   Complete all 6 subrequirements:
   C) A: Accounting
      > ACCTG*201 - Accounting for Managers
      Credits: 6
      C) Group 2
         Credits: 6
         ACCTG-1A....... 92/SP     ---      3  *TE

-------------------------------------------------------------------------------

    C) B: CIS
       > CIS*225 - Management Information Systems
            CIS-225........ 03/S2    A-        3

    C) C: Economics
       > ECON*202 - Economics for Managers
       Credits: 6
       C) Group 2
          Credits: 6
            ECON-1......... 92/SP    ---       3   *TE
            ECON-2......... 92/SP    ---       3   *TE

    C) D: Intl Business
       > MGT*204 - International Business and Strategy
       Credits: 3
       C) Group 1
!! Exception
   MGT 304 for MGT 204:Approved by Associate Dean

            MGT-304........ 02/SM    A-        3

    C) E: Theory/Communication
       > MGT*210 - Management Theory and Communications
       Credits: 6
       C) Group 2
!! Exception
   sun for course

          Credits: 6
            MGT-100........ 96/SP    A         3
            HRES-140....... 94/SP    A-        3

    C) F: Math
       > MATH*240 - Data Analysis for Managers
       Credits: 6
       C) Group 2
!! Exception
   Math 106 for Math 104;Approved by Associate Dean

          Credits: 6
            MATH-40........ 92/SP    ---       3   *TE
            MATH-106....... 96/FA    A         3
===============================================================================
C) 3: MBA Advanced Program
   GPA Achieved/Needed: 3.95 / 3
       > MGT*300 - Managerial Analysis and Team Dynamics
       > **Must be taken as part of first 6 units of Advanced Program
       > FI*300A - Managerial Finance
       > MKT*300 - Marketing Management
       > OP*300 - Operations Management
       > OP*303 - Management of Innovation and Technology
       > MGT*362 - Developing Strategies for Competitive Advantage
       > **Must be taken as part of final 6 units of Advanced Program
!! Exception
   MGT 300 (Title Change)

```
        · FI-300A........ 02/F1    A-        3
        MKT-300........ 02/F2    A         3
        OP-300......... 03/S1    A         3
        OP-303......... 02/F2    A         3
        MGT-362........ 03/S2    A         3
        MGT-300........ 02/F1    A         3
==================================================================================
C) 4: Management Concentration
   Credits: 12
   GPA Achieved/Needed: 3.75 / 3
   Complete both subrequirements:
   C) A: Concentration
      > MGT*346 - Human Resource Management
      > MGT*345 - Business, Government, and Society
        Credits: 6
        MGT-346........ 02/S2    A         3
        MGT-345........ 02/S2    B+        3

   C) B: Take Two
      > Take two courses from the following:
      > MGT*301 - Entrepreneurship
      > MGT*320 - Management Leadership: Theory and Practice
      > MGT*338 - The Manager as Communicator
      > MGT*348 - Negotiating in Business
      > MGT*396A-Z - Selected Topics in Management (3 units maximum)
      > MGT*398A - Internship: Management
!! Exception
   ECON 380 for Elective; Approved by the Associate Dean

        Credits: 6
        MGT-301........ 02/SM    A-        3
        MGT-348........ 03/S1    A         3
==================================================================================
OTHER COURSES:                      Registered  Earned
                                    Credits Credits
ENGL-1A............. 92/SP              3.00    3.00   *TE
PSYCH-1............. 92/SP              3.00    3.00   *TE
PHIL-1.............. 92/SP              3.00    3.00   *TE
CIS-1............... 92/SP              3.00    3.00   *TE
ENGL-1B............. 92/SP              3.00    3.00   *TE
MGT-145............. 92/SP              3.00    3.00   *TE
HIST-17A............ 92/SP              3.00    3.00   *TE
HC-1................ 92/SP              3.00    3.00   *TE
SM-1................ 92/SP              3.00    3.00   *TE
MATH-20............. 92/SP              3.00    3.00   *TE
PSYCH-L............. 92/SP              3.00    3.00   *TE
GEN-L............... 92/SP              3.00    3.00   *TE
SPCH-35............. 92/SP              3.00    3.00   *TE
ART-L............... 92/SP              3.00    3.00   *TE
MGT-149............. 92/SP    B         3.00    3.00
ECON-105............ 93/FA    A-        3.00    3.00
MKT-100............. 94/FA    A-        3.00    3.00
HUM-143............. 95/SP    A         3.00    3.00
FN-100.............. 95/SP    A         3.00    3.00
MGT-156............. 95/SP    A-        3.00    3.00
ECON-103............ 95/FA    A         3.00    3.00
ENGL-120............ 96/SP    A         3.00    3.00
```

```
--------------------------------------------------------------------------------
ECON-101A........... 96/SU    A     3.00    3.00
OP-100............. 96/FA    A     3.00    3.00
LIT-105............ 97/SP    A     3.00    3.00
ANTHR-103.......... 97/SP    A     3.00    3.00
SCI-125............ 97/SP    B+    3.00    3.00
PHIL-120........... 97/SU    A-    3.00    3.00
(Credits in parentheses are anticipated earned)
================================================================================
                                NOTES
```

Case # C-08-0664-EDL

Exhibit#_____5_____

# State of California

## Department of Corrections
## Disturbance Control Program



**H**aving successfully completed the required Course of Instruction

21st SPECIAL EMERGENCY RESPONSE TEAM BASIC ACADEMY
APRIL 19, 1988 TO APRIL 29, 1988

**this certificate is awarded to**

C/O ROSARIO MARINELLO

**as testimony of the highest standards of Professional Performance**

C. L. SMITH
CHIEF, EMERGENCY OPERATIONS

R. H. DENNINGER
DEPUTY DIRECTOR, INSTITUTIONS DIVISION

APRIL 29, 1988

Case # C-08-0664-EDL

Exhibit#_____6_____

**IMPORTANT:** *Your name will be placed on INACTIVE STATUS for this classification if a copy of this form is not returned postmarked no later than:*          02/09/06

| SEND REPLY TO | INQUIRY DATE |
|---|---|

|  |
|---|
| CORRECTIONAL TRAINING FACILITY |
| DELEGATED TESTING OFFICE |
| P.O. BOX 686 |
| SOLEDAD, CA 93960 |

INQUIRY DATE: 01/27/06

CERTIFICATION NUMBER: T328016     CLASS CODE: 99041

CLASSIFICATION: CORRECTIONAL COUNSELOR I

TO:
MARINELLO          ROSARIO
2266 NORTH MAIN ST #165
SALINAS          CA 93906

POSITION LOCATION: CTF SOLEDAD

LIST TYPE: DEPARTMENTAL OPEN

SALARY RANGE: $4637 - $6852     PER: MONTH

TIME BASE: FULL TIME

TENURE: TEMPORARY FOR 24 MONTHS
LEAP JOB EXAMINATION PERIOD

STATE DEPARTMENT: CORRECTIONS & REHABILITATION

TELEPHONE NUMBER: (831) 678-3951 EXT 4570
TELEPHONE NUMBER:
CALIFORNIA RELAY SERVICE          (800) 735-2929

YOU ARE BEING CONTACTED BECAUSE YOUR NAME IS DESIGNATED AS ONE OF THE PERSONS WHO:

WAS SUCCESSFUL IN AN EXAMINATION FOR THE CLASS SHOWN ABOVE
ADDITIONAL INFORMATION

IF INTERESTED, PLEASE SUBMIT A COMPLETED STATE APPLICATION, A CURRENT
PERFORMANCE EVALUATION AND THE TOP COPY OF THIS EMPLOYMENT INQUIRY TO THE
DELEGATED TESTING OFFICE BY 2/9/06. ONLY CANDIDATES IN "REACHABLE" RANKS
WILL BE INTERVIEWED. THIS POSITION MAY BECOME PERMANENT IN THE FUTURE.

## PLEASE READ REVERSE SIDE *BEFORE* COMPLETING THIS SIDE

*If you **ARE** interested in the position described above, please complete the following.*

**YES -** I am interested in being considered for possible appointment to this position. I have attached my completed application (STD. 678) to this copy for your consideration. *(If you are unavailable for employment within 30 days from the date of job interview, it MAY BE considered a waiver for this position.)*

Check this box if you are disabled and will require reasonable accommodation in the event you are scheduled for an interview.

*If you are **NOT** interested in the position described above, please complete the applicable Items below.*

1.
**NO -** I am not interested in being considered for this position but wish to remain on active status for future employment vacancies.

3. I AM NOT INTERESTED IN POSITIONS IN THIS CLASS.

Please place my name on inactive status for this class. I understand that I may request to have my name restored to active status at a later date provided I still have list eligibility.

I have accepted employment in this class with:
*(State Department Name)*          *(Employment Date)*

Please place my name on inactive status. I have been appointed to the class listed below.
*(Class Title)*          *(Appointment Date)*

5. OTHER *(Explain)*

2. Check one or more tenure and time base preferences. If you check both permanent and limited term and receive a limited term appointment, your name will continue to be certified for permanent positions. *LEAP CANDIDATES -- READ PARAGRAPH NUMBER 5 ON REVERSE SIDE BEFORE SELECTING OPTIONS.*

I AM AVAILABLE ONLY FOR:
PERMANENT - FULL TIME     PERMANENT - PART TIME     PERMANENT - INTERMITTENT

LIMITED TERM - FULL TIME     LIMITED TERM - PART TIME     LIMITED TERM - INTERMITTENT

4. I DO NOT WISH TO WORK IN THE LOCATION INDICATED ABOVE. PLEASE REFER MY NAME ONLY FOR THE FOLLOWING LOCATION(S):

**NOTE -** *As a result of changes in your location and/or tenure and time base choices, your name will not be deleted from any certification list(s) which may already have been issued prior to this request being processed. Therefore, you must continue to reply to contacts resulting from those certification list(s). **FAILURE TO REPLY WILL PLACE YOUR NAME ON INACTIVE STATUS.***

Case # C-08-0664-EDL

Exhibit#_____7_____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**HUMAN RESOURCES**
**OFFICE OF PEACE OFFICER SELECTION**
**CENTRAL SELECTION CENTER**
2510 South East Avenue, Suite 360
Fresno, California 93706



January 17, 2006

Mr. Rosario Marinello
2266 North Main Street #165
Salinas, CA  93906

Dear Mr. Marinello:

This is in response to your request for copies of information contained in your background file. The disclosure process has been completed and the copies you requested are enclosed.

Please be advised that your request is for information that is governed by the Information Practices Act of 1977.  Therefore, any disclosures of such are only made in strict compliance with this law.

If you have any questions regarding this procedure, you may contact the Background Investigation Section, Central Selection Center at (559) 445-5770.

Sincerely,

*T. Carrizosa,* SSA

T. L. CARRIZOSA
Staff Services Analyst
Background Investigation Unit

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

OFFICE OF PEACE OFFICER SELECTION
BACKGROUND INVESTIGATION UNIT

## CONFIDENTIAL INFORMATION TRANSMITTAL

OSS 10O (Formerly SSB/CIT) (1/04)

> Information contained on this document was obtained as a result of a background investigation conducted on the below named applicant. It may contain controlled information from other agencies or information that has been obtained under promise of confidentiality and may not be released to the applicant. This document shall NOT be placed in the applicant's official personnel file. It has been prepared for your information only—shred when no longer needed. If the applicant requests information about his/her background investigation, please provide them the attached Record Access Request Form and instruct them to complete and submit the form to the Selection Center.

DATE:   November 29, 2005

ATTN:   A. P. Kane, Warden (A)
         Correctional Training Facility
         Highway 101 North
         Soledad CA 93960

APPLICANT:   MARINELLO, Rosario

SSN:   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

CLASS:   Correctional Counselor I

**DISCLOSURE MADE TO APPLICANT
BY T. L. CARRIZOSA, SSA  DATE 01-12-06
DEPARTMENT OF CORRECTIONS
BACKGROUND INVESTIGATION UNIT**

On May 19, 2005, the Central Selection Center of the Office of Peace Officer Selections received an Individual Service Request (ISR) from the Correctional Training Facility (CTF) to initiate a background investigation on Rosario Marinello for the purpose of appointing him to the position of Correctional Counselor I. This is to advise you, as a result of the findings of the background investigations, Mr. Marinello is not clear for hire.

The decision not to clear Mr. Marinello for an appointment as a peace officer with the Department of Corrections and Rehabilitation (CDCR) is based on several issues. Mr. Marinello was previously employed as a Correctional Officer at CTF from August 1986 until he resigned in July 1993 to complete college, assist with a family owned business, and other personal reasons. He reapplied for Correctional Officer and was attending the Basic Correctional Officer Academy in 1996 when he resigned for personal reasons.

Since June of 2001, Mr. Marinello has been employed with CDCR at Salinas Valley State Prison (SVSP) as a Material and Stores Supervisor I, for Inmate Canteen. The current background investigation revealed that at his present assignment, Mr. Marinello has consistently demonstrated a pattern of disregard, poor judgment and indifference to following well established security procedures at the prison.

The background investigation revealed Mr. Marinello has had two adverse actions taken against him, in his current position, which resulted in two separate 5% reductions in pay for period of 6 months. One was served to him on March 5, 2005 and the other one on March 3, 2004. These were due to inexcusable neglect of duty, inefficiency, and other failure of good behavior either during or outside of duty hours, which is of such a nature that causes discredit to the appointment authority, or a person's employment.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

OFFICE OF PEACE OFFICER SELECTION
BACKGROUND INVESTIGATION UNIT

**CONFIDENTIAL INFORMATION TRANSMITTAL**

OSS 100 (Formerly SSB/CIT) (1/04)

**APPLICANT:** MARINELLO, Rosario
**SSN:** 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

The background investigation revealed that while working at the inmate canteen in August of 2003, Mr. Marinello allowed his inmate canteen worker to take $34.65 worth of canteen merchandise on credit to pay off a debt allegedly owed to another inmate. Mr. Marinello failed to notify the institution of a possible threat to the safety and security of the inmate. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ a post it note left by the applicant on a can of tobacco in the canteen, which led to the uncovering of this breach of security by the applicant. Mr. Marinello later submitted a memorandum to the institution's administration stating that the reason he allowed the inmate to take merchandise from the canteen without paying for it is because he thought that the inmate would get beat up if he failed to make good on his debt.

The other adverse action resulted from Mr. Marinello's failure to properly identify the inmate to whom he was issuing canteen items. This resulted in canteen items being issued to the wrong inmate and a monetary loss of $80.65 to the institution.

Information developed during the investigation indicates Mr. Marinello may currently have another pending adverse action that is related to his conduct and job performance. However, during a discrepancy interview on November 18, 2005, Mr. Marinello advised his investigator that he has no current issues involving his work performance.

The background investigation disclosed that in April of 2004, Mr. Marinello received a letter of instruction after he left a fork lift with the keys in the ignition, which could have resulted in an inmate or staff injury and an inmate escape. Due to his negligence an employee tripped over the forks of the forklift. Upon seeing this, Mr. Marinello failed to show any common courtesy towards the employee and made no attempt to offer any assistance. When his supervisor tried to discuss this situation with Mr. Marinello, he became agitated, argumentative and disrespectful. He furthermore told his supervisor that he did not like his job and only took the job at the institution to become a Correctional Counselor.

His performance evaluation for the period November 2002 to November of 2003 indicated that Mr. Marinello needed improvement in quality of work, quantity of work, work habits, relationship with people, taking action independently, meeting work commitments and analyzing situations and materials.

The background investigations revealed that the applicant has received the following letter of instructions at his current position:

Letter of Instruction dated February 27, 2002, indicates that on February 20, 2002, the applicant and another employee delivered 216 ice cream bars to an inmate canteen and failed to put them in the freezer, which caused monetary loss to the Department due to negligence.

Letter of Instruction dated October 11, 2001 on the importance of properly counting merchandise and searching inmates entering and leaving the canteen.

Letter of Instruction dated August 9, 2001, indicates that Mr. Marinello left the Facility D-Canteen without locking the front window, which caused a monetary loss of $193.90 to the Department due to his failure to follow proper security procedures.

**DISCLOSURE MADE TO APPLICANT**

PORTIONS OF THIS DOCUMENT HAVE BEEN
SUMMARIZED OR DELETED UNDER AUTHORITY OF
CIVIL CODE SECTION 1798.38 AND/OR 1798.41
AND/OR 1798.42

**BY T. L. CARRIZOSA, SSA DATE** *01-17-06*
**DEPARTMENT OF CORRECTIONS**
**BACKGROUND INVESTIGATION UNIT**

CONFIDENTIAL DOCUMENT - DESTRUCTION REQUIRED

| PAGE | 2 | of | 3 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

OFFICE OF PEACE OFFICER SELECTION
BACKGROUND INVESTIGATION UNIT

# CONFIDENTIAL INFORMATION TRANSMITTAL

OSS 100  ( Formerly SSB/CIT) (1/04)

APPLICANT:  MARINELLO, Rosario
SSN:  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

In his Personal History Statement (PHS), Mr. Marinello disclosed using the illegal substance cocaine in 1985, this was the same year he was undergoing a background investigations with the Department for a peace officer position, which he cleared. The background investigation file for 1985 was not available for review, but if that information had been available to his investigator in 1985, the candidate would have been found unsuitable for peace officer employment.

The candidate further discloses that in 1996, at the age of thirty six, he used marijuana twice.

The use of an illegal substance demonstrates poor judgment as well as disregard for law. Mr. Marinello used cocaine while undergoing the selection process for Correctional Officer in 1985. He used the illegal substance marijuana after he had resigned his position as a peace officer. The department cannot entrust an individual with such poor judgment and disregard for the law with peace officer powers.

On his current state application, Mr. Marinello claims to have been awarded a Masters of Business Administration from Golden Gate University in May 2003. The background investigation unit requested transcripts from the applicant to verify his educational claim. Some transcripts were received that indicated Mr. Marinello was working toward a master's degree, but they did not verify he had attained the degree. Mr. Marinello maintained that he did have the claimed master's degree, but could not provide transcripts as he owed the school money.

For the reasons listed above, Mr. Marinello is not cleared for appointment to Correctional Counselor I. Pursuant to Section 31060.9.3.3 of the Departmental Operations Manual, this action may be appealed to the Chief Deputy Director, Field Operations, via the Deputy Director, Institutions.

If you have any questions or concerns, please call Valerie Klassen, Staff Services Manager III at Office of Peace Officer Selections at (559) 445-5770, extension 222.

Valerie Klassen, Staff Services Manager III
Office of Peace Officer Selection

**DISCLOSURE MADE TO APPLICANT
BY T. L. CARRIZOSA, SSA  DATE _01-17-06_
DEPARTMENT OF CORRECTIONS
BACKGROUND INVESTIGATION UNIT**

CONFIDENTIAL DOCUMENT - DESTRUCTION REQUIRED
| PAGE | 3 | OF | 3 |

Case # C-08-0664-EDL

Exhibit#_____8_____

BEFORE THE STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Appeal by | |
| ROSARIO MARINELLO | Case No. 04-0650 |
| From five percent reduction in salary for 12 months as a Materials and Store Supervisor I (CF) with Salinas Valley State Prison, Department of Corrections at Soledad | |

## PROPOSED DECISION

This matter came on regularly for hearing before Barbara E. Brecher, Administrative Law Judge, State Personnel Board (SPB), on June 8, 2004, at Soledad, California.

Appellant, Rosario Marinello, appeared in pro per.

Respondent was represented by Lt. Vertis Elmore, Salinas Valley State Prison.

The Administrative Law Judge makes the following Proposed Decision:

I

The above five percent reduction in salary for 12 months effective March 12, 2004, and appellant's appeal therefrom, comply with the procedural requirements of the State Civil Service Act.

1

## II

At the hearing, with assistance with the Administrative Law Judge, the parties settled the matter by stipulating as follows:

1. Respondent agrees to remove the notice of adverse action from appellant's official personnel file upon approval of this stipulation for settlement by the SPB.

2. Appellant withdraws his appeal.

3. The parties enter into this agreement freely and voluntarily and hereby waive any further right of appeal they may have arising out of the dispute settled herein.

4. This stipulation for settlement is subject to the approval of the SPB.

\*    \*    \*    \*    \*

WHEREFORE IT IS DETERMINED that the stipulation is approved.

\*    \*    \*    \*    \*

I hereby certify that the foregoing constitutes my Proposed Decision in the above-entitled matter and I recommend its adoption by the State Personnel Board as its decision in the case.

DATED:    June 8, 2004

Barbara E. Brecher
Administrative Law Judge
State Personnel Board

2

Case # C-08-0664-EDL

Exhibit# _____ 9 _____



# Stationary Engineers, Local 39

INTERNATIONAL UNION OF OPERATING ENGINEERS AFL-CIO



**JERRY KALMAR**
BUSINESS MANAGER-SECRETARY

June 2, 2004

Rosario Marinello
390 Melrose Avenue
Pacific Grove, CA 93950

**Re:   Withdrawal of Representation**
**Disciplinary Appeal**
**Case No. 04-0650**

Dear Ms. Marinello,

This letter is to advise you that Stationary Engineers, Local 39 has decided not to pursue the appeal of the disciplinary action taken against you. Together with our attorneys, the Union has investigated the relevant facts, and has determined that the appeal will not be sustained after hearing. Specifically, our attorneys have advised us that based on their experience, the Hearing Officer would deny the appeal.

You have the right to pursue the appeal of your discipline independent of the Union. You have the right to represent yourself, or to hire an attorney or other representative to represent you. If you do not take any further action, then your appeal will be dismissed.

The State Personnel Board is being informed of the Union's decision not to pursue your appeal and it is your responsibility to continue with the appeal from this date forward. Be advised that should you choose to go forward with your appeal, all costs associated with the appeal process will be your responsibility.

Your appeal hearing is set to convene on Tuesday, June 8, 2004 at 1pm. You or your representative must contact The State Personnel Board Appeals Division – 801 Capitol Mall, PO Box 944201 – Sacramento, CA 94244-2010 at 916-653-0544 should you wish to continue the appeal or schedule at continuance.

Enclosed is a copy of the Appeals Division general information and your Notice of Appeal.

If you have any questions regarding this matter contact me at 415/861-1135.

Sincerely,

Dan McNulty
Business Representative

cc:   California State Personnel Board, Appeals Division
Legal Counsel

337 VALENCIA STREET   •   SAN FRANCISCO, CA 94103   •   FAX (415) 861-5264   •   (415) 861-1135



# CALIFORNIA STATE PERSONNEL BOARD

ARNOLD SCHWARZENEGGER, Governor

801 Capitol Mall • Sacramento, California 95814 • www.spb.ca.gov



April 01, 2004

Rosario Marinello
390 Melrose Avenue
Pacific Grove, CA 93950

**Appellant's Representative:**
 IUOE - San Francisco
337 Valencia Street
San Francisco, CA 94103
Attn: Dan McNulty

**Personnel Officer:**
 Corrections - Personnel
1515 S Street, South Bldg.
Sacramento, CA 95814

**Legal Office:**
 Corrections - Legal
1515 S Street, #314 South
Sacramento, CA 95814
Attn:

**Class Title:**    Materials & Stores Supervisor I, CF
**Appeal Type:**    Red/Sal (5%/6 Mo/More)

Dear Rosario Marinello:                          **Case No.:** 04-0650

Your letter has been received by the Appeals Division and is pending preliminary staff review to determine State Personnel Board (SPB) jurisdiction for your concerns. The Appeals Division may accept appeals regarding Civil Service Adverse Actions (Dismissal, Suspension, Demotion, Reduction in Salary, and Official Reprimand), Rule 282 Limited Term Termination, TAU Termination with Fault, Medical Termination/Demotion and Rejection During Probation. Various County Disciplinary Actions and Discrimination Complaints as well as some California State University Dismissals, Demotions, and Suspensions are also accepted by the SPB.

For most appeals, Government Code provides that the period from the filing of an appeal to the decision of the board shall not exceed six months. Continuances of hearings requested by parties and granted by administrative law judges shall waive the statutory timeframes, however. Please be assured that we take every measure to process all appeals in an expeditious, fair, and timely manner.

It will be approximately **30 days** before we are able to determine jurisdiction and schedule your initial appeal for hearing. If you have not been advised of the status of your appeal after **30 days**, you may contact us at (916) 653-0544, (TDD 916-654-2360). If we need additional information we will write to you at the above address. Please notify us in writing of any corrections or changes to your name or address.

Enclosed is a copy of the Appeals Division "General Information" and "Evidentiary Appeal Hearing Procedures" brochures for your information. Also enclosed is the State Personnel Board "Peremptory Strike List". Please see the attachment on the "Full day/Multiple day, Fast Track Processes, and the Settlement Conference and Pre-Hearing Conference Pilot Project."

Sincerely,

Mildred Harris

Mildred Harris
Appeals Division

Enclosure (Appellant only)

Case # C-08-0664-EDL

Exhibit#_____*10*_____

# Memorandum

**Date:**       April 23, 2004


**To:**         Rosario Marinello
               Materials & Stores Supervisor I


**Subject:**    **LETTER OF INSTRUCTION**


This letter of instruction is not intended or is it to be construed as adverse action but rather as a tool to assist you in carrying out your duties and responsibilities as an employee of the Department of Corrections.

On April 8, 2004, after the completion of the deliveries to the canteen, you parked a forklift in front of Complex 1 Control to turn in the canteen master keys. You left the key in the ignition and the forks were not lowered to the ground. By leaving the key in the ignition, this could have resulted an inmate escape and injury. This is in violation of the California Code of Regulations, Title 15, section 3284 Unattended Vehicles. "Ignition switches must be locked and keys must not be left in any unattended vehicle on institution or community correctional center grounds." You failed to comply with this directive which constitutes inexcusable neglect of duty, inefficiency and a failure of good behavior. **You have continually demonstrated a pattern of blatant disregard, poor judgment and indifference to following well established security procedures at this prison.**

Due to your negligence, not only could an inmate have taken control of this vehicle, but an employee tripped over the forks on the forklift because you failed to properly position the forks in a safe manner. You failed to show any common courtesy toward this employee by asking her if she was alright.

At approximately 1530, you came back to the office and did not report this incident to your supervisor.

On April 12, 2004 at approximately 0810 hours, I called you in the office and made an effort to discuss this incident as well as your work performance. I asked you about the forklift incident and your response was, "what about it, nothing happened last Thursday". You became agitated, argumentative and disrespectful. You stated, "I do not like my job, I came down here at this institution to be a Correctional Counselor I.

Your actions on April 8, 2004, failed to comply with well established institutional safety and security procedures. You failed to report or document this security breech to your supervisor and you demonstrated poor judgment and negligence in the performance of your duties.

You have received significant documented training and have been instructed on numerous occasions about the importance of following well established safety and security procedures and your responsibilities as a Materials & Stores Supervisor I, at Salinas Valley State Pr...

RECEIVED

MAY 1 3 2004

I expect a concerted effort on your part to improve in these areas immediately.

I am instructing you to read CCR Title 15 Sections 3284, Unattended Vehicles and 3391, Employee Conduct.

I expect you to be aware of safety and security when using state property equipment and be conscientious in the performance of all your assigned tasks.

I am here to provide assistance as well as D. Uganiza, Materials & Stores Supervisor II in the performance of your duties as Materials & Stores Supervisor I.

I am recommending that this Letter of Instruction be placed in your personnel file for a period of one year, at which time you may submit a written request to the Warden to have it removed.

EMMA M. BEZA
Prison Canteen Manager II

Date: 04/23/04

Rosario Marinello
Materials & Stores Supervisor I

Date: 4/23/04

Approved for placement in employee's Personnel File.

EDWARD J. CADEN
Warden (A)
Salinas Valley State Prison

Date: 5-10-04

Case # C-08-0664-EDL

Exhibit#_____ *II*_____

Case 5:05-cv-00664-JW    Document 18    Filed 03/25/2008    Page 35 of 62

DEPARTMENT OF CORRECTIONS
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960
(831) 678-5500

February 28, 2003

## NOTICE OF ADVERSE ACTION

Rosario Marinello
Material & Store Supervisor I CF
Salinas Valley State Prison
Soledad, California 93960

Mr. Marinello:

Pursuant to Section 19574 of the Government Code, you are hereby notified that adverse action is being taken against you, as follows:

I

## STATEMENT OF THE NATURE OF THE ADVERSE ACTION

5% Salary Reduction for six months

This Notice of Adverse Action will be placed in your Official Personnel File and a copy hereof will be filed at the State Personnel Board.

II

## EFFECTIVE DATE OF THIS ADVERSE ACTION

This action will be effective at the close of business on March 17, 2003 and end at the beginning of business on September 18, 2003.

III

## STATEMENT OF CAUSES

A

At all times mentioned herein you have been a civil service employee of the State of California holding and occupying the position of Material & Store Supervisor I CF.

The Department of Corrections is your appointing power.



## B

This adverse action is being taken against you for the causes set forth in the following subsection of Section 19572 of the Government Code.

- (d) Inexcusable neglect of duty.

- (e) Inefficiency

- (t) Other failure of good behavior either during or outside of duty hours which is of such a nature that it causes discredit to the appointing authority, or the person's employment.

## IV

## STATEMENT OF FACTS

### A

On or about April 13, 2002 you distributed canteen items to the wrong inmate. Your performance resulted in the loss of $80.65 and an inmate appeal. During your interview you stated that you failed to comply with the procedures related to inmate canteen (Operational Procedure #77 and Departmental Operational Manual Supplement #5407.9).

On or about February 5 through February 7, 2003 an inventory of your assigned canteen was conducted. When the inventory was completed, unexplainable shortages were discovered in the amount of ($153.65).

Persons hired by the Department in the Material & Store Supervisor I position must have the ability to supervise/control the receipt, storage, and issuance of inmate canteen items.

In addition to the violation of the Government code as set forth in the Statement of Cause, you are in violation of the California Code, Title 15, Rules and Regulations of the Director of Corrections: CCR 3391. Employee Conduct

## V

## OTHER MATTERS

On or about August 17, 2001 you received a Letter of Instruction (LOI) for leaving the rear door of Facility B inmate canteen unsecured. Your performance resulted in the theft of stamps and tobacco products (at the cost of $193.90).

On or about October 16, 2001 you received a LOI after the discovery of unexplainable inmate canteen losses in your work area. The estimated cost of the loss items was ($169.14).

On or about March 6, 2002 you received a LOI for failing to store ice cream properly. Two Spanish/English Dictionaries were damaged by the ice cream when it melted. The estimated cost of the damaged products/items was ($114.20).

# VI

## STATEMENT AS TO RIGHT TO ANSWER AND APPEAL

Please be advised that pursuant to Section 19575 of the Government Code, no later than thirty (30) calendar days from the underline(effective date) of this Notice of Adverse Action, you may file with the State Personnel Board, 801 Capitol Mall, Sacramento, California 95814, a written answer to this notice, which answer shall be deemed to be a denial of all of the allegations of the Notice of Adverse Action not expressly admitted, and request for hearing as provided by law. If this notice was personally served upon you, the effective date of service is the day that it was given to you. If service on you was made through the mail, service was effective on the date of mailing as ascertained by the postmark. If you fail to answer within the time specified, the adverse action taken against you shall be final. If you file an answer, the State Personnel Board or its authorized representative, acting pursuant to Section 19578 of the Government Code, shall hold a hearing and all parties shall be notified as to the time and place thereof.

# VII

## STATEMENT AS TO RIGHT TO RESPOND TO YOUR APPOINTING POWER

If you wish to take issue with any portion of this Notice of Adverse Action, you have the right to state your position in writing and submit it to the Warden, who will consider the issues you raise and who has the discretion to alter the Notice of Adverse Action as he deems just. If you desire to exercise this right, you must deposit your written response in the mail addressed to the Warden, such that it is no later than five (5) working days after the date this Notice of Adverse Action was served upon you. In addition to your right to respond in writing, you may arrange an oral interview with the Warden, who will arrange for a meeting.

If you desire to request an oral interview you are urged to do so at once insofar as the conference must be concluded within five (5) working days after you have been served with this Notice of Adverse Action.

If you desire to inspect any documentation that is on file relevant to the above charges, you may do so by contacting the Warden.

Please note that your right to respond in writing to your appointing authority is separate and distinct from your formal State Personnel Board appeal rights which are explained in paragraph V above. You may exercise both rights as long as you do so within the time limits provided.

Adverse Action Re: Rosario Marinello
Material & Store Supervisor I CF
Page 4

Copies of any documents or other materials giving rise to this adverse action are attached for your inspection. This documentation is not being provided to the State Personnel Board in advance of any appeal hearing, which may be scheduled.

*A. A. LAMARQUE*
Warden
Salinas Valley State Prison

Case # C-08-0664-EDL

Exhibit# _____ / 4 _____

State of California    Department of Corrections and Rehabilitation

# Memorandum

Date:    September 13, 2005

To:    Personnel Services Supervisor
       Salinas Valley State Prison

Subject: **Document Removal**

Please remove the document(s) listed below from the indicated staff's Official Personnel File and forward
them to the Employee Relations Officer.

| Name | Title | Document Name | Incident Date |
|------|-------|---------------|---------------|
| Rosario Marinello | M&SSI | LOI | August 09, 2001 |
| Rosario Marinello | M&SSI | LOI | October 11, 2001 |
| Rosario Marinello | M&SSI | LOI | February 27, 2002 |

If you have any questions, please contact Lieutenant P. Gifford, Employee Relations Officer, at ext. 5568.

M. S. Evans
Warden (A)
Salinas Valley State Prison

CC:    ERO File



RECEIVED

SEP 1 3 2005

Date: Sept. 12th, 2001

From : Rosario Marinello
    Material & Store Supervisor I

Subject: **Response to Letter of Instruction**

To whom it may concern,

I request that the letter dated August 9, 2001 be removed from my personnel file for the following reasons:

1) On July 25,2001 Mr. Dillon and Mr. Rappaport came to the D-yard Canteen for a routine inspection. At that time the canteen window nearest to the computer was left open. Rod McCullough M&SSI and I were both in the canteen. He shut the window and informed us that it was to be closed at all times. However, our supervisor, Emma Bezza informed us that we were allowed to keep it open for air when it was too warm.

2)

a) On August 3rd, 2001 M&SSI McCullough and I made deliveries to the B-yard canteen. Upon completing the delivery I had visually inspected the back door lock and determined that it was indeed in the locked position.

b) The report also does not state who discovered the unlocked door and when it was discovered.

c) I was not informed of the security breech until August 8th, 2001. Security violations such as this are required to be reported promptly especially if there was an incident such as a theft.

d) There was no information as to any questioning, searches, or disciplinary follow-up of inmates who would have access to that door.

e) There were other staff entering that canteen between August 3rd and August 8th.

I have Seven years experience as a correctional officer at CTF, and I am well aware of security locking procedures. Thus I am security conscious at all times. Your consideration in this matter is greatly appreciated.

Sincerely,

Rosario Marinello
Materials and Stores Supervisor.
SVSP

State of California

7CO

Department of Corrections
Salinas Valley State Prison

# Memorandum

Date  : August 9, 2001

To    : Rosario Marinello
        Material & Store Supervisor I


Subject: **LETTER OF INSTRUCTION**


This Letter of Instruction is not intended nor is it to be construed as adverse action but rather as a tool to assist you in carrying out your duties and responsibilities as an employee of the Department of Corrections.

On July 25, 2001, you left the Facility D-canteen without locking the front window.

On August 3, 2001 when you made the delivery, you left the rear door of B-Facility canteen unsecured. In view of this incident, there were stamps and tobacco taken from this canteen at a loss of $193.90.

You were verbally counseled in both incidents about checking doors and windows in all secured areas, by pulling on the door handles and pushing on the windows when exiting any canteen.

I expect concerted effort on your part to improve in these areas immediately.

I expect you to check all the doors and windows to make sure they are locked. When you exit the canteen, lock the door behind you and give the door handle a tug to make sure the door is locked. If you have not left the canteen area, go to the canteen door and tug on the canteen door handle to make sure it is locked and check the canteen windows by giving them a push to make sure they are securely locked.

**Your conduct on these occasions was unacceptable and will not be tolerated by this department. If you engage in similar conduct in the future, the department may take adverse action against you based on the incidents cited in this memorandum, as well as any future incidents.**

Letter of Instruction
Page 2

I am recommending that this Letter of Instruction be placed in your personnel and supervisor file for a period of one (1) year, at which time you may submit a written request to the Warden to have it removed.

EMMA M. BEZA
Prison Canteen Manager II
Salinas Valley State Prison

I have read, understand, and have received a copy of this Letter of Instruction.

Signature: _____     Date: 8/17/01

ROSARIO MARINELLO
Material & Store Supervisor I

Approved for placement in employee's Official Personnel File.

A. LAMARQUE     Date: 8-16-0 1
Warden
Salinas Valley State Prison

**State of California**

Department of Corrections
Salinas Valley State Prison

# Memorandum

Date: February 27, 2002

To:    Rosario Marinello
       Material & Stores Supervisor I

Subject: LETTER OF INSTRUCTION

This letter of instruction is not intended nor is it to be construed as adverse action but rather as a tool to assist you in carrying out your duties and responsibilities as an employee of the Department of Corrections.

On February 19, 2002 at approximately 1400 hours, you and a co-worker pulled a canteen order from the support warehouse and proceeded to deliver the order to the E-Facility canteen.

On February 20, 2002 at approximately 1100 hours, G. Woods, Material & Stores Supervisor II reported to the E-Facility canteen and discovered 216 ice cream bars and 8 pints of ice cream melted on top of one of the pallets you delivered the prior day. Additionally two Spanish/English Dictionaries were damaged as a result of the melted ice cream. Your lack of follow through to ensure the frozen food products were appropriately stored resulted in a monetary loss of $114.20.

Your failure to comply with established canteen delivery and proper storage procedures is unacceptable and demonstrated negligence in the performance of your assignment. You have been instructed in the past about the importance of working with sensitive food items and being aware of your responsibilities as Material & Store Supervisor I, at Salinas Valley State Prison Canteen.

I expect a concerted effort on your part to improve in this area immediately.

I expect you to be aware of sensitive food items when working with them and to make sure they are properly stored in their respective areas .

I expect you to be alert in the performance of all your assigned tasks, including a complete walk through of your work area prior to leaving.

I am available to assist you any time in the performance of your duties as an M&SS1.

I am recommending that this Letter of Instruction be placed in your personnel file for a period of one year (1) year, at which time you may submit a written request to the Warden to have it removed.

EMMA M. BEZA
Prison Canteen Manager II
Salinas Valley State Prison

I have read, understand, and have received a copy of this Letter of Instruction.

Signature: _____  Date: _3/06/02_____
Material & Stores Supv. I

Approved for placement in employee's Official Personnel File.

A. A. LAMARQUE                    Date: _2-5-02_____
Warden
Salinas Valley State Prison

**State of California**

Department of Corrections
Salinas Valley State Prison

# Memorandum

Date    : October 11, 2001

To      : Rosario Marinello
         Material & Store Supervisor I

Subject: **LETTER OF INSTRUCTION**

This Letter of Instruction is not intended nor is it to be construed as adverse action but rather as a tool to assist you in carrying out your duties and responsibilities as an employee of the Department of Corrections.

On June 17, 2001 and August 14, 2001, I discussed with you the importance of safety, security and accountability of merchandise in your canteen.

Full inventory was completed in C yard for the month of September 2001. This inventory was conducted during the first week of October 2, through October 5, 2001. Unexplained losses were accounted for in the amount of $169.14.

Based upon this deficiency in your work performance, I have outlined the following expectations to be followed:

1. I expect you to be more aware of all your merchandise of which you are fully responsible within your store.

2. Query hot items such as pen refills, book of stamps, stamp envelopes, tobacco and photo ducats at the end of the day, before inmate release.

3. When your inmate workers go on break periods, make sure you pat them down before leaving the canteen area. This also includes at the end of each shift.

4. Search trash and cardboard going out of the canteen. Search the canteen for open Containers or merchandise wrappers that may be hidden by inmates.

5. Do not allow inmates to bring anything inside the canteen, except their lunch.

I expect concerted effort on your part to improve in these areas within 30 days.

I am instructing you to read Operational Procedure #68 Canteen Procedures and CCR Title 15 section 3012, Theft. Remember, I am here to provide assistance as well as Mr. Wood, M&SSII.

**Your conduct on these occasions was unacceptable and will not be tolerated by this department. If you engage in similar conduct in the future, the department may take adverse action against you based on the incidents cited in this memorandum, as well as any future incidents**.

I am recommending that this Letter of Instruction be placed in your personnel and supervisor file for a period of one (1) year, at which time you may submit a written request to the Warden to have it removed.

EMMA M. BEZA
Prison Canteen Manager II


I have read, understand, and have received a copy of this Letter of Instruction.

Signature: _____     Date: __10/16/01__
ROSARIO MARINELLO
Material & Store Supervisor I


Approved for placement in employee's Official Personnel File.

A.A. LAMARQUE                               Date: __10-16-01__
Warden
Salinas Valley State Prison

Case # C-08-0664-EDL

Exhibit#_____ *15*_____

Rosario Marinello

vs

Department of Corrections and Rehabilitation

Chronological List of events

The following events are in chronological order beginning in March of 2005 when I was initially offered the position Correctional Counselor I.

- March 3rd, 2005: I received a letter dated March 3rd, 2005 from The Correctional Training Facility at Soledad; this was confirmation of my acceptance of a 24 month limited-term position as a Correctional Counselor I.

- June 10th, 2005: I received a letter dated June 10, 2005, for successfully completing the first half of the components required for the position of Peace Officer status with the Department of Corrections.

- November 2005: Successfully passed the Correctional Counselor I written examination and placed on the open Promotional list.

- December, 2005: I received a letter dated Dec 5th, 2005 stating that I was denied peace officer status with the Department of Corrections due to "suitability".

  I responded to the denial by sending an appeal request dated December 13th, 2005, to the Department of Corrections legal office. I was sent back a response dated January 6th, 2006, with instructions on how to obtain information concerning my background denial.

- January 2006: I received a Confidential Information Transmittal dated January 17th, 2006 regarding my background investigation. Upon reviewing the information I discovered inaccurate information concerning events that occurred during my employment as an M&SSI at Salinas Valley State Prison, and negative statements concerning my personal character.

- Feb, 2006 -Response to Confidential Information dated February 6th, 2006: I sent an appeal on the information dated to the California State Personnel Board. The appeal follows the guidelines of the Departments Operations Manual. I included clarification of the discrepancies in the information.

- Letter dated March 23rd, 2006: From the California State Personnel Board referring to case # 04-2148, stating that I was placed back on the eligibility list for peace officer status based on a Correctional Counselor I written examination that I was successful in November of 2005. My appeal was discontinued.

- Letter dated March 24th, 2006: The California State Personnel Boards appeal division filed my appeal as Case no: 06-0787. It states that the purpose of the appeal process is to determine whether my name was inappropriately withheld from certification. On April 22nd I sent my response to Personnel Board in order to continue this appeal.

- From February 2006 until May 6th, 2007 I interviewed at the Institutions listed on my exam application. I was not offered a position. On May 10th 2007 I received a letter from CTF-Soledad stating I was placed on Permanent Withhold.



**DEPARTMENT OF CORRECTIONS**
**CORRECTIONAL TRAINING FACILITY**
Attn: Delegated Testing
P.O. Box 686
Soledad, CA 93960-0686
(831) 678-3951

March 3, 2005

Rosario Marinello
1130 Fremont #181
Seaside, CA 93940

Dear Mr. Marinello:

I would like to confirm your acceptance of a Limited-Term 24 months/Full-Time Correctional Counselor I position with the Correctional Training Facility. This offer of employment is contingent on approval from Department of Corrections Selection and Standards Branch.

You are also required to complete the Personal History statement booklet you picked up on Monday, February 28, 2005 from the Delegated Testing Office. You need to return the Personal History Statement Booklet along with the required items mentioned in the Personal History Statement Booklet to the Delegated Testing Office
.
You will be contact by Selection and Standards Branch personnel as to the date and time of your appointment for the written psychological examination, vision screen, and preemployment medical examination.

If you have any questions, please contact the Delegated Testing Office (831) 678-3951 extension 4570 or 4571.

Lupe Rios
Staff Services Analyst
Delegated Testing Office

STATE OF CALIFORNIA — YOUTH AND ADULT CORRECTIONAL AGENCY                          ARNOLD SCHWARZENEGGER, *Governor*

**DEPARTMENT OF CORRECTIONS**
Central Selection Center
2510 South East Avenue, Suite 360
Fresno, California 93706



June 10, 2005              CONFIDENTIAL

Rosario Marinello
60 Stephanie Drive #B202
Salinas, CA 93901

Dear Mr. Marinello:

Congratulations on successfully completing the first half of the selection process components required for a peace officer position with the Department of Corrections. The next component you must successfully complete is the Background Investigation.

Your background investigation case has been assigned to M. Navrozally, Background Investigator. While your background investigation is in progress and until you report to the Basic Correctional Officer Academy (if successful throughout the process), you must keep your investigator apprised of any changes you have in residence, employment, or law enforcement contacts. Submit all information in writing to the address listed below and include your social security number, signature and date. If you feel the information you have is urgent, please contact your investigator at (559) 445-5770, extension 231, Monday through Friday from 8:00 A.M. to 5:00 P.M. If you leave a voice mail message for your investigator, include your social security number.

All correspondence to your investigator should be addressed to:

California Department of Corrections
Background Investigation Unit
2510 South East Avenue, Suite 360
Fresno, California 93706
Attn: M. Navrozally, Background Investigator

Failure to provide complete, thorough and accurate information regarding your background history or failure to keep your investigator updated of any changes may be considered a willful omission on your part and may be cause to withhold your name from the list of eligible candidates for the position you applied.

Please be aware that the average background investigation takes approximately 90 days to complete from the date it is assigned to an investigator. Unless instructed otherwise by your investigator, do not call to check on the status of your case, unless it has been active for over 90 days.

Sincerely,

M. Navrozally, Background Investigator
Background Investigation Unit
Central Selection Center
Moeen.Navrozally2@corr.ca.gov

cc: File

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                                           ARNOLD SCHWARZENEGGER, Governor

OFFICE OF PEACE OFFICER SELECTION
CENTRAL SELECTION CENTER
BACKGROUND INVESTIGATION UNIT
2510 SOUTH EAST AVENUE, SUITE 360
FRESNO, CA 93706



DEC 0 5 2005

Rosario Marinello                    CLASS:    Correctional Officer
2266 North Main Street #165
Salinas, CA 93906

Dear Mr. Marinello:

This is regarding your request for appointment to the position of Correctional Officer. As part of the
selection process, the Department of Corrections and Rehabilitation conducts a background
investigation on each candidate to determine his or her suitability for a peace officer position with this
Department. The investigation of your background was recently concluded and the determination has
been made that you do not possess the desirable qualifications for this position based on the following:

• Suitability

This action is taken in compliance with Departmental Policy and State Personnel Board Rule 172 under
the authority delegated to this Department by the State Personnel Board.

Sincerely,

V. M. Klassen, SSMIII
Chief Background Investigator

Date:    12/13/2005

From:    Rosario Marinello
         2266 North Main St. apt # 165
         Salinas, Ca. 93906

To:      California Dept. of Corrections and Rehabilitation
         Legal Office
         1515 S Street, # 314 South
         Sacramento, Ca. 95814

Subject: Request for Immediate Appeal of Background Investigation Decision

To Whom It May Concern:

I am respectfully requesting that the decision on my background investigation (Not
Suitable for Correctional Officer classification) be re-considered with the following
actions.

1) An explanation of the specific reason or reasons

2) Any discrepancies corrected

3) Completed correctly in a timely manner.

I have enclosed a copy of my acceptance letter of a Limited-term 24 month full-time CCI
position with CTF Soledad, the letter from the Background Investigation Unit initiating
the background case, and the recent letter with the decision.

I strongly disagree with the decision due to my seven-year successful tenure as a
Correctional Officer, five years as a member of the CTF SERT team, and level of
Education I have achieved while working full-time. Your consideration in this matter is
greatly appreciated.

Sincerely,

Rosario Marinello

CC: Lupe Rios, Staff Services Analyst, Delegated Testing Office

From: Rosario Marinello                                    2/6/2006
      M&SSI
      Salinas Valley State Prison
      Soledad Ca, 93960


To:   California State Personnel Board
      Attn: Appeals Division
      1515 S Street, South Bldg.
      Sacramento, Ca 95814


I am appealing the decision concerning my suitability as a Correctional Counselor I.
The following responses are to clarify and correct inaccurate information in the
Confidential Information Transmittal I received dated November 29th, 2005.

- I decided not to continue with the Basic Correctional Officer Academy in 1996
  due to my inability to secure a full-time manager for my small business. This
  caused a conflict of interest with full-time employment for the Department.

- I have always followed all established safety and security procedures, and have
  made suggestions for, and implemented security improvements based on my
  experience in custody.

- I am only aware of the adverse action dated 28th, 2003. The Adverse Action dated
  March 3, 2004, (Inmate Pilgrim incident) was removed from my personnel file
  after an SPB hearing on the matter in August of 2004. The items were issued to
  Inmate pilgrim after he signed and fingerprinted a trust account withdrawal for
  that exact amount of $34.65. I informed my immediate supervisor of the situation
  within one half hour of the incident. The facility was on lockdown status, thus
  there was no immediate threat.

- I do not practice bad behavior during off duty hours, and have no knowledge of
  the specific accusations.

- Concerning the matter of the Items that totaled $80.65 issued to the wrong inmate;
  I was never served an adverse action for this specific incident. On the day of the
  incident, I was ordered to report to the Facility 'B' Canteen and process orders for
  critical workers during a lockdown. At the time, due to the lockdown situation,
  there was no custody staff to cover the area. Thus during the confusion, I placed
  the wrong Inmate number in the computer prior to the sale. (Refer to SVSP
  Facility 'B' Operational procedures for Canteen during that specific time period)

- The April of 2004 Letter of Instruction is not accurate; the individual did not state
  that she injured herself; she only gave me advice on parking the forklift in another

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**HUMAN RESOURCES**
**OFFICE OF PEACE OFFICER SELECTION**

Central Selection Center
Background Investigation Unit
2510 South East Avenue, Suite 360
Fresno, CA 93706

February 1, 2006

Mr. Rosario Marinello
2266 North Main Street, Apt. 165
Salinas, CA 93906

Dear Mr. Marinello,

I am in receipt of your letter dated January 24, 2006. In this correspondence you stated you were appealing our decision regarding your recent application for a Correctional Counselor I position. You also requested that our decision not to clear your Background Investigation be reconsidered.

A review was conducted of your background investigation and the information provided in your correspondence. Based on this review, it has been determined that justification to support the reversal of the original determination is insufficient.

As noted in the earlier correspondence sent to you dated January 9, 2006, appealing to the Background Investigation Unit is not the proper avenue for appeal. Therefore, we are not able to respond to your request for appeal of our decision. Merit issue appeals fall under the jurisdiction of the California State Personal Board, information regarding appeals of the Individual Service Request process may be obtained by referencing the Departmental Operations Manual (DOM) section 31060.9.3.3.

Sincerely,

Valerie M. Klassen, Chief
Office of Peace Officer Selection
California Department of Corrections & Rehabilitation.



# CALIFORNIA STATE PERSONNEL BOARD

ARNOLD SCHWARZENEGGER, G

801 Capitol Mall • Sacramento, California 95814 • www.spb.ca.gov



March 23, 2006

Mr. Rosario Marinello
60 Stephanie Drive, #B202
Salinas, CA 93901

### Re: SPB Case No. 04-2148

Dear Mr. Marinello:

The Appeals Division has completed reviewing the information you and the Department of Corrections and Rehabilitation (CDCR) submitted regarding the above appeal for Correctional Officer.

CDCR sent an email to the State Personnel Board (SPB) on March 23, 2006, explaining you were accepted into the examination, passed and are currently on the certification list.

Therefore, SPB is closing your appeal, as the department has agreed to return your name to list eligibility for the position of Correctional Officer.

I appreciate the interest you have shown in employment and promotion with the State of California and wish you success in your future endeavors.

Sincerely,

R.D. Hyde
Associate Personnel Analyst
Appeals Division

cc:    Michele Hamilton, Manager
       Selection Support Services
       Department of Corrections & Rehabilitation
       2201 Broadway
       Sacramento, CA 95818

       Personnel Officer
       Corrections - Personnel
       1515 S Street, South Bldg.
       Sacramento, CA 95814

Case # C-08-0664-EDL

Exhibit#_____ /6_____

**OFFICE OF INTERNAL AFFAIRS – NORTHERN REGION**
1013 Old Placerville Road, Suite 200
Sacramento, CA 95827



August 23, 2006

Rosario Marinello
2266 N. Main #165
Salinas, CA 93906

Dear Material Stores Supervisor I Marinello:

This is to inform you Internal Affairs-Northern Region (IA-N) has initiated an administrative investigation in which you have been identified as the subject. It is alleged on March 30, 2006, you called Officer G. Luna to release inmate Perez (P-44540) to work in the Facility A Canteen. On this date, Facility A was under a modified program and inmate Perez was not on the Critical Workers List. Additionally, it is alleged that on March 30, 2006, you were over-familiar with inmate Perez, and gave him state property (potato chips in a paper bag). Based on the nature of the allegations T. Hedgpeth, Chief Deputy Warden (A), requested IA-N conduct the investigation.

You may expect to be contacted by the assigned investigator, Bruce Forsterer to schedule an investigatory interview with you. You will be notified at least 24 hours in advance of the place, date, and time of the interview and the scope of the investigation.

We appreciate your cooperation and patience during our investigation of this matter. If you have any questions regarding this process, you may contact our office at (916) 255-0855.

Sincerely,

Vincent Schumacker
Senior Special Agent
Internal Affairs-Northern Region

CC: N-II-SVSP-356-06-A

STATE OF CALIFORNIA
ADVISEMENT OF RIGHTS - ADMINISTRATIVE INQUIRY       Filed 03/25/2008
CDC 989 C (10/91)

## INSTRUCTIONS

Prepare one form for each Interrogation. One copy is to be furnished each person Interrogated.

| DATE: September 6, 2006 | INTERROGATION SITE: Salinas Valley State Prison |
|---|---|

**PERSON(S) INTERROGATED:**
R. Marinello, MSSI

**INTERROGATOR(S):**
Bruce Forsterer, Special Agent,

**OTHERS PRESENT AND THEIR INTEREST:**

| PERSON IN CHARGE: Bruce Forsterer, Special Agent | TIME STARTED: | TIME FINISHED: |
|---|---|---|

The date is September 6, 2006.

The time is approximately

This is an official inquiry concerning the California Department of Corrections, It is alleged on March 30, 2006, you called Officer G. Luna and informed him inmate Perez (P-44540) was authorized to work in the Facility A Canteen while Facility A was under a modified program.  Perez was not on the Critical Workers List. Additionally, it is alleged that on March 30, 2006, you were over-familiar with inmate Perez, and gave him state property (potato chips in a paper bag).

The inquiry is being tape recorded at Salinas Valley State Prison.

Special Agent Bruce Forsterer is in charge of this interrogation and is being assisted by

Also present, and their interest in this matter is

This is an administrative inquiry and as such, you do not have the right to refuse to answer. The truth is expected as is your entire knowledge relative to items discussed. If you refuse to respond or answer questions relating to the performance of your duties, it will be grounds for adverse personnel action which could result in your dismissal from the Department. If you do answer, none of your statements nor any information or evidence which is gained by reason of such statements can be used against you in any criminal proceedings.

No promise or reward will be made as an inducement for the answer to any question.

You may record any portion of this interrogation or have access to the Department's tape(s) if any further proceedings are contemplated, or prior to any subsequent interrogation.

You have the right to be represented by an individual of your choice who may be present at all times during your interrogation, providing the person chosen is not a subject of this inquiry.

Your representative may participate in the Interview, may ask to have questions clarified, may suggest that you give a more complete answer, may object to questions outside the announced scope of the investigatory interview, and may object to what he or she believes is harassment of you. However, your representative cannot impede the progress of the interview nor can he or she direct you not to answer any of the questions asked of you.  Do you understand?...

Each person present is requested to identify herself/himself and his/her voice on the tape by giving her/his name, title, and/or classification, and place of employment when applicable. (Record each individual.)

Do you understand?...          Do you have any questions so far?

### TAPE RECORDING(S)

| WHOSE EQUIPMENT WAS USED? ☐ DEPARTMENTS? ☐ OTHER | WERE OTHER RECORDINGS MADE? ☐ NO ☐ YES, BY _____ | | HOW MANY TAPES WERE REQUIRED TO RECORD PROCEEDINGS? _____ |
|---|---|---|---|
| TAPE I.D. NUMBER | FOOTAGE STARTING MARK | ENDING MARK | TOPIC |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| SIGNATURE OF INTERROGATOR: | | | TIME: | DATE: |
|---|---|---|---|---|
| SIGNATURE OF REVIEWER: | REVIEWER'S NAME (PRINT / TYPE) | | DATE SIGNED | |

Case # C-08-0664-EDL

Exhibit#_____ *17*_____

3. Amendment of subsection (d), repealer of subsection (e) and amendment and renumbering of subsection (f) to subsection (e) filed 8-22-79; effective thirtieth day thereafter (Register 79, No. 34).

4. Amendment filed 2-16-88; operative 3-17-88 (Register 88, No. 9).

5. Editorial correction of printing errors in subsections (b) and (c) (Register 92, No. 5).

### 3394.  Distractions.

Employees assigned to security post positions or to direct supervision and control of inmates or parolees will not read, listen to a private radio, or engage in any distracting amusement or activity while on assignment except such authorized reading as may be required in the proper performance of their assigned duties.

Comment: Former DR-5205, reading or distraction while on duty.

### 3395.  Alertness.

Employees must not sleep or be less than alert and in full possession of all faculties while on duty.

Comment: Former DR-5206, sleeping while on duty.

### 3396.  Address and Telephone.

Employees must promptly report any change in their address or telephone number to their supervisor and to the personnel office. If an employee does not have a telephone, the employee must furnish his or her supervisor and the personnel office with information on how the employee can be promptly reached.

Comment: Former DR-5207, change of address or telephone.

### 3397.  Emergencies.

Regardless of an employee's class of service, in an emergency any employee must perform any service, including custodial functions, if so directed by the warden, superintendent or regional administrator or his or her delegate. At any time an employee is contacted by telephone or is otherwise informed of an emergency situation at the institution or facility to which they are assigned, the employee must report without delay to the officer-in-charge.

Comment: Former DR-5208, duty in an emergency.

### 3398.  Visiting.

Employees must not receive personal visits while on duty except with the permission of the employee's supervisor.

Comment: Former DR-5209, visiting of employees.

### 3399.  Transactions.

Employees shall not directly or indirectly trade, barter, lend or otherwise engage in any other personal transactions with any inmate, parolee or person known by the employee to be a relative of an inmate or parolee. Employees shall not, directly or indirectly give to or receive from any inmate, parolee or person known by the employee to be a relative of an inmate or parolee, anything in the nature of a tip, gift or promise of a gift.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2541 and 5054, Penal Code.

HISTORY:

1. Amendment filed 4-10-89; operative 5-10-89 (Register 89, No. 15).

2. Editorial correction of printing errors (Register 92, No. 5).

### 3400.  Familiarity.

Employees must not engage in undue familiarity with inmates, parolees, or the family and friends of inmates or parolees. Whenever there is reason for an employee to have personal contact or discussions with an inmate or parolee or the family and friends of inmates and parolees, the employee must maintain a helpful but professional attitude and demeanor. Employees must not discuss their personal affairs with any inmate or parolee.

Comment: Former DR-5211, undue familiarity.

### 3401.  Employee and Inmate/Parolee Relations.

(a) Except as provided in (e) below, employees shall not take, deliver or otherwise transmit, either to or from any inmate or member of an inmate's family; any verbal or written message, document, item, article or substance.

(b) Except as provided in (e) below, employees shall not contact, correspond or otherwise communicate with any inmate, parolees or member of an inmate's or parolee's family.

(c) If an employee is contacted by any inmate, parolee or a member of an inmate's or parolee's family, other than under circumstances specified in (e) below, the employee shall immediately notify, in writing, the employee's institution head or deputy/assistant director.

(d) Any employee asked, coerced or otherwise contacted by any person to transmit, receive or relay any message, item or substance, either to or from, any inmate, parolee or member of an inmate's or parolee's family, by other than approved means or circumstances, shall immediately notify, in writing, their institution head or deputy/assistant director.

(e) Exceptions to the above prohibitions are as follows:

(1) In the execution of their assigned duties, employees shall issue, or receive from inmates any mail, packages, supplies and other items due or permitted them according to department policy and local procedures.

(2) In the execution of their assigned duties, employees shall interact with any inmate, parolee or member of an inmate or parolee's family as necessary.

(3) While off-duty, and only in accordance with this regulation, departmental employees may conduct relationships with any inmate, parolee or member of an inmate's or parolee's family who is either the employee's immediate family member, as defined in section 3000, or the employee's aunt, uncle, niece, nephew, or first cousin.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. Amendment of section heading and section, including renumbering and amendment of former section 3403 to new subsections (b) and (c), and new Note filed 9-13-96 as an emergency; operative 9-13-96. A Certificate of Compliance must be transmitted to OAL by 2-24-97 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 9-13-96 order transmitted to OAL 11-22-96 and filed 1-6-97 (Register 97, No. 2).

### 3401.5.  Employee Sexual Misconduct.

(a) For the purposes of this section, sexual misconduct means any sexual behavior by a departmental employee, volunteer, agent or individual working on behalf of the Department of Corrections, which involves or is directed toward an inmate or parolee. The legal concept of "consent" does not exist between departmental staff and inmates/parolees; any sexual behavior between them constitutes sexual misconduct and shall subject the employee to disciplinary action and/or to prosecution under the law. Sexual misconduct includes, but is not limited to:

(1) Influencing or offering to influence an inmate's/parolee's safety, custody, housing, privileges, parole conditions or programming, or offering goods or services, in exchange for sexual favors; or

(2) Threatening an inmate's/parolee's safety, custody, housing, privileges, work detail, parole conditions or programming because the inmate/parolee has refused to engage in sexual behavior; or

(3) Engaging in sexual act(s) or contact, including:

(A) Sexual intercourse; or

(B) Sodomy; or

(C) Oral Copulation; or

(D) Penetration of genital or anal openings by a foreign object, substance, instrument or device for the purpose of sexual arousal, gratification, or manipulation; or