1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MIGUEL A. NERI
   Supervising Deputy Attorney General
3  FIEL D. TIGNO
   Supervising Deputy Attorney General
4  DAVID PAI
   Deputy Attorney General
5  State Bar No. 227058
       1515 Clay Street
6      P. O. Box 70550
       Oakland, CA  94612-0550
7      Telephone:  (510) 622-2148
       Fax: (510) 622-2204
8
   Attorneys for Defendant
9  California Department of Corrections
   and Rehabilitation
10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14 ROSARIO MARINELLO,                        Case No. CV08-0664 JW

15                      Plaintiff            **MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT OF
16            vs                             DEFENDANT CALIFORNIA
                                             DEPARTMENT OF CORRECTIONS
17 CALIFORNIA DEPARTMENT OF                  AND REHABILITATION'S MOTION
   CORRECTIONS AND REHABILITATION,           TO DISMISS THE COMPLAINT
18                                           [Fed.R.Civ.Proc Rule 12(b)(6)]**
                        Defendant.
19                                           Date:
                                             Time:  9:00 a.m.
20                                           Ctrm:  8
                                             Judge:  Hon. James Ware
21

22     I.     INTRODUCTION

23          Plaintiff Rosario Marinello's complaint alleges a single cause of action under Title VII of

24 the Civil Rights Act for retaliation.  Title VII requires that a plaintiff file a civil action within

25 ninety (90) days after the Equal Employment Opportunity Commission ("EEOC") notifies the

26 claimant of his/her right to do so.  Plaintiff alleges that he received a right-to-sue notice from the

27 EEOC on or about October 10, 2007.  However, this action was commenced on January 25,

28

                                             1
   ─────────────────────────────────────────────────────────────────────
   NOTICE OF DEFENDANT'S MOTION TO DISMISS            Case No. CV08-0664 JW

1    2008, seventeen (17) days after the 90-day limitations period ran.  On this basis alone, plaintiff's

2    action should be dismissed.  *Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298,

3    1299 (9th Cir. 1979) (affirming the dismissal of a Title VII claim filed on the 91st day after the

4    notice of right to sue was given on the grounds that the action was untimely).

5
         Further, plaintiff's complaint is devoid of any factual allegations that would give rise to a

6
     Title VII cause of action.  Though plaintiff concludes he was subject to retaliation for engaging

7
     in protected activities, he fails to identify any facts supporting this belief.  Construed even in the

8
     broadest manner, the complaint is devoid of any facts identifying *any* protected activity.  What

9
     plaintiff apparently alleges is that his ability to be promoted and to be reinstated to his former

10
     position was impeded by an internal affairs investigation of him, and that the internal

11
     investigation relied on falsehoods.  The Ninth Circuit has held that no Title VII protection exists

12
     for false charges made in an employer's internal proceeding.  *Vasconcelos v. Meese*, 907 F.2d

13
     1171, 1776 (9th Cir. 1990).

14

15
         Accordingly, the complaint is fatally defective in such a manner that no amendment can

16
     cure.

17

18    **II.    STANDARD OF REVIEW**

19
         A dismissal under Rule 12(b)(6) is proper "if it is clear that no relief could be granted

20
     under any set of facts that could be proved consistent with the allegations."  *Hishon v. King &*

21
     *Spalding*, 467 U.S. 69, 73 (1984).

22
         Recently, the Supreme Court specifically overruled the outdated standard that a

23

24    complaint should not be dismissed under Rule 12(b)(6) unless it appears "beyond doubt" that

25    plaintiff can prove no set of facts supporting the claim which would merit relief, characterizing

26    that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading

27
     standard.  *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, 127 S. Ct. 1955, 1969 (2007) (overruling

28
     *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations and quotations omitted).

2

1    The standard now emphasized by the Supreme Court requires factual allegations to "be

2    enough to raise a right to relief above the speculative level on the assumption that all the

3    allegations in the complaint are true." *Id.* at 1964-65.  Therefore, to properly state a claim,

4    plaintiff's complaint must provide more than unwarranted deductions of fact, unreasonable

5    inferences and unsupported statements of conclusions.

6

7    **III.    PLAINTIFF'S COMPLAINT IS TIME-BARRED BECAUSE HE FAILED TO COMMENCE THIS ACTION WITHIN NINETY DAYS OF BEING GIVEN THE RIGHT-TO-SUE NOTICE**

8

9    In a Title VII action, a plaintiff has 90 days from the date a right-to-sue notice is given by

10    the EEOC to commence a civil action based on the charges filed.  42 U.S.C. §2000e-5(f)(1).

11    This filing period is a statute of limitations.  *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (citations

12    omitted); *see also Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298, 1299 (9th Cir.

13    1979) (affirming the dismissal of a Title VII claim filed on the 91st day after the right-to-sue

14

15    notice was given on the grounds that it was untimely).

16    Plaintiff filed this action 107 days after the date he allegedly received the right to sue

17    notice.  He alleges that he received from the EEOC a Notice of Right to Sue letter on or about

18    October 10, 2007.  (Complaint, ¶ 9, pg. 3, lines 3-4.)  He failed to commence this action by

19    January 8, 2008, the last day he could file this complaint within the 90-day period.  Instead, he

20    filed the complaint on January 25, 2008, and provided no justification for this seventeen day

21    delay.[1]

22

23    Consequently, this action should be dismissed as untimely.  Because this defect cannot be

24    cured by amendment, it would also be futile to allow plaintiff leave to amend.

25

26    [1] A copy of the Notice of Right to Sue, as attached to the complaint, is dated October 10,
2007 and delivered via certified mail.  Even with the presumption that delivery was made on
27    October 13, 2008, three days after the issuance of the notice, plaintiff's complaint remains
untimely filed.  *See Baldwin County Welcome Ctr. V. Brown*, 466 U.S. 147, 148 (1984)
28    (adopting a rebuttable presumption of delivery three days after the 90-day notice was issued).

NOTICE OF DEFENDANT'S MOTION TO DISMISS                    Case No. CV08-0664 JW

1

2    **IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII BECAUSE HE
         DOES NOT ALLEGE THAT HE WAS ENGAGED IN A PROTECTED
3        ACTIVITY NOR DOES HE ALLEGE ANY INTENTIONAL MISCONDUCT
         BY THE DEFENDANT**
4

5         To establish a Title VII retaliation claim, plaintiff must show that (1) he was engaged in a

6    protected activity, (2) his employer subjected him to an adverse employment action, and (3) a

7    causal link exists between the protected activity and the employer's action.  *Passantino v.*

8    *Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506.

9
         Plaintiff's complaint fails to allege that he was engaged in any protected activity.  He also
10
     fails to allege a causal link between any protected activity and his inability to secure a position
11
     with the CDCR.  Rather, he alleges that he was withheld from the promotional list because of
12
     "[i]ncorrect information" (Complaint, ¶ 6, pg. 2, line 19), and was not reinstated because he was
13
     the subject of an "Internal Affairs investigation" that was based on false allegations (Complaint,
14
     ¶ 6, pg. 2, lines 23-24).  He does not allege any facts as to why he believes his involvement with
15
     the internal investigation was a protected activity, or allege that the investigation itself was
16
     discriminatory in any way.
17
          An activity is protected under Title VII only if it involves participation in an
18
     investigation, proceeding, or hearing under Title VII (such as an EEOC investigation) or
19
     opposition to any employment practice that is unlawful under Title VII.  42 U.S.C. §2000e-3(a).
20
     For example, the First District affirmed the dismissal of a Title VII retaliation action premised on
21
     participation in union activities.  *Morgan v. Mass. Gen. Hosp.*, 901 F.2d 186, 194 (1st Cir. Mass.
22
     1990) (holding that plaintiff failed to specify any particular prohibited practices that he opposed
23
     or sought to change where reason for participation was allegedly unfair labor practice and not
24
     discrimination).
25

26

27

28

---

4

1    Applying a similar rationale to a more colorable claim, the Ninth Circuit affirmed the

2    dismissal of a Title VII retaliation action against an employee who was dismissed for lying

3    during an internal investigation of sexual harassment charges she made. *Vasconcelose v. Meese*,

4    907 F.2d 111, 113 (9th Cir. 1990).  In that case, the plaintiff alleged that her termination for lying

5    during the internal investigation violated Title VII because statements made during the

6    investigation, whether truthful or not, is a protected activity. *Id.*   The Court rejected that

7

8    argument, holding that while accusations made in the context of charges before the EEOC are

9    protected, charges made outside of that context are not. *Id.*

10    In this case, the nature of the internal affairs investigation does not fall under a Title VII

11    protected activity; i.e., plaintiff does not allege the investigation involved discriminatory or

12    harassment claims made by him or his co-workers.  He merely claims that the investigation was

13    based on third-party falsehoods.  Such allegation is insufficient to state a retaliation cause of

14

15    action under Title VII. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361

16    (11th Cir.1999) (noting that the court is not concerned with whether employment decision was

17    prudent or fair but only whether it was motivated by unlawful discriminatory animus).[2]

18    Accordingly, this complaint should be dismissed.

19    **V.    CONCLUSION**

20    For the foregoing reasons, defendant State of California Department of Corrections and

21    Rehabilitation respectfully requests that this court grant defendant's Motion to Dismiss the

22

23    Complaint in its entirety without leave to amend.

24

25

26

27    [2]  Because plaintiff does not even make the allegation that the internal affairs investigation is a protected activity, any discussion about plaintiff's reasonable and good faith belief that the investigation was discriminatory, harassing or retaliatory under the ambit of Title VII would be premature. *See Trent v. Valley Elec. Ass'n Inc.*, 41F.3d 524, 526

28    (9th Cir. 1994) (Title VII liability exists where plaintiff had a reasonable and good faith belief that the incident constituted unlawful sexual harassment).

1    Dated: May 1, 2008                         Respectfully submitted,

2                                               EDMUND G. BROWN JR.
                                                Attorney General of the State of California
3                                               MIGUEL A. NERI
                                                Supervising Deputy Attorney General
4                                               FIEL D. TIGNO
                                                Supervising Deputy Attorney General
5

6                                                _/s/_____

7                                               DAVID PAI
                                                Deputy Attorney General
8
                                                Attorneys for Defendant
9                                               California Department of Corrections and
                                                Rehabilitation
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEFENDANT'S MOTION TO DISMISS                    Case No. CV08-0664 JW

1  **<u>DECLARATION OF SERVICE BY U.S. MAIL</u>**

2  Case Name:    ***Rosario Marinello v. California Department of Corrections and Rehabilitation***

3  U. S. District Court, Northern District, Case No.:    5:08-CV-00664-JW

4  I declare:

5
6  I am employed in the Office of the Attorney General, which is the office of a member of the
   California State Bar, at which member's direction this service is made.  I am 18 years of age or
7  older and not a party to this matter; my business address is P.O. Box 70550, Oakland, CA
   94612-0550.

8
9  On <u>May 1, 2008</u>, I served the attached:

10 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT
   CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION
11 TO DISMISS THE COMPLAINT
   [Fed.R.Civ.Proc. Rule 12(b)(6

12
13 by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
   in the United States Mail at Oakland, California, addressed as follows:

14
                Rosario Marinello
15              In Pro Per
                266 Reservation Road, #F-232
16              Marina, CA  93933

17 I declare under penalty of perjury under the laws of the State of California the foregoing is true
   and correct and that this declaration was executed on May 1, 2008, at Oakland, California.
18

19
   <u>ELVIA GRANADOS</u>                        <u>/S/                                    </u>
20      Declarant                                    Signature

21

22

23

24

25

26

27

28

---
7

NOTICE OF DEFENDANT'S MOTION TO DISMISS                    Case No. CV08-0664 JW