EDMUND G. BROWN JR.
Attorney General of the State of California
MIGUEL A. NERI
Supervising Deputy Attorney General
FIEL D. TIGNO
Supervising Deputy Attorney General
DAVID PAI
Deputy Attorney General
State Bar No. 227058
   1515 Clay Street
   P. O. Box 70550
   Oakland, CA  94612-0550
   Telephone:  (510) 622-2148
   Fax: (510) 622-2204

Attorneys for Defendant
California Department of Corrections
and Rehabilitation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO MARINELLO,<br><br>                 Plaintiff<br><br>vs<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                 Defendant. | Case No. CV08-0664 JW<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO DISMISS THE COMPLAINT [Fed.R.Civ.Proc Rule 12(b)(6)]**<br><br>Date:  June 23, 2008<br>Time:  9:00 a.m.<br>Ctrm:  8<br>Judge:  Hon. James Ware |

**I.    INTRODUCTION**

    Plaintiff ROSARIO MARINELLO contends in his opposition that he filed this action within the 90-day period afforded him in the EEOC right-to-sue letter dated October 10, 2007. In support of his contention, he claims that this action originates from a complaint he filed on December 31, 2007.  Plaintiff's opposition fails because it is factually untenable.

//

## II.   THE COMPLAINT AT-ISSUE

### a. Standard of Review for Pro Se Litigants

Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir.1986). Although the *Jacobsen* court noted that "[w]e are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved," *Id.* at 1366 n. 10 (internal quotations omitted), that discussion concerned the *pro se* plaintiff's lack of compliance with the service requirements of Fed.R.Civ.P. 4. The rule violated here, however, is more than a mere technical pleading or procedural rule. The rule violated here is a prerequisite to filing suit.

### b. The "December 31, 2007 Complaint" Related to an Action that was Filed Eight Months Before the EEOC Letter was Given and Dimisssed *Sua Sponte* on December 20, 2007

The docket sheet in Case No. C07-1117 BZ, a case in which plaintiff references in support of his opposition, reveals that the prior unserved complaint was filed on February 23, 2007, not December 31, 2007. See Exhibit A in accompanying Declaration of David Pai. This complaint was filed eight months *prior* to October 10, 2007, the date the EEOC right-to-sue letter was given to him. More telling, this complaint was dismissed *sua sponte* by Magistrate Judge Bernard Zimmerman eleven days *before* the date plaintiff claims he filed his lawsuit.

In the order dismissing the action, the Court noted that plaintiff requested the case be placed on hold until the outcome of a State Personnel Board appeal, in which the court replied: "It is unclear why plaintiff filed a discrimination lawsuit if he was still pursuing an administrative appeal and there is no justification for disobeying the orders requiring him to pay the filing fee."  See Exhibit B in accompanying Declaration of David Pai.

One can easily surmise from the dismissal order that Case No. C07-1117 BZ had no bearing on plaintiff's EEOC claim, the subject of this present action. Despite the dismissal order, plaintiff apparently sought to amend the complaint with a December 31, 2007 filing.

### c. To the Extent Plaintiff Claims the "December 31, 2007" Complaint Preserves His Claim, Equitable Tolling is Not Justified

Equitable tolling is allowed only in extreme cases, such as when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice was clearly inadequate. *Scholar v. Pacific Bell*, 963 F.2d 264, 267-68.

Such is not the case here. Due diligence requires plaintiff to file an action within 90-days of the right to sue letter, not to seek to resurrect a related action that was dismissed. Where a filing is late due to the plaintiff's failure to exercise due diligence, courts have not applied the doctrine of equitable tolling. *Nelmida v. Shelly Eurocars, Inc* (9th Cir. 1997) 112 F.3d 380, 385 (court did not allow equitable tolling where claimant failed to advise the EEOC of a change of address); *Aljadir v. University of Pennsylvania,* 547 F.Supp. 667, 668-69 (E.D.Pa.1982) (court did not allow equitable tolling where pro se plaintiff filed his claim one day late even though plaintiff alleged that he was given incorrect information by the clerk's office on the 90th day).

### d. Even if Equitable Tolling is Allowed, Plaintiff's Complaint Fails to Allege a Protected Activity Under Title VII

Plaintiff's opposition brief fails to address a key point in this motion. As discussed thoroughly in the moving papers, even assuming all the allegations are true, plaintiff has not and cannot truthfully allege that he was engaged in a protected activity under Title VII.

### III. CONCLUSION

For the foregoing reasons, this court grant should grant Defendant's Motion to Dismiss the Complaint in its entirety without leave to amend.

//

//

//

| | |
|---|---|
| Dated: June 9, 2008 | Respectfully submitted, |
| | EDMUND G. BROWN JR.<br>Attorney General of the State of California<br>MIGUEL A. NERI<br>Supervising Deputy Attorney General<br>FIEL D. TIGNO<br>Supervising Deputy Attorney General |
| | /s/_____<br>DAVID PAI<br>Deputy Attorney General |
| | Attorneys for Defendant<br>California Department of Corrections and Rehabilitation |