Rosario Marinello

Plaintiff

v.

Department of Corrections and Rehabilitation

Defendant

FILED

2008 JUN 19 A 9:13

RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Case # C 08-0664-JW

**MEMORANDUM OF POINT AND AUTHORITIES IN OPPOSITION TO CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO DISMISS THE COMPLAINT**

Initial Case Management Conference: June 23rd, 2008 at 9:00 AM, Courtroom: 8, Judge: Hon. James Ware.

**Introduction**

The California Department of Corrections and Rehabilitation contends that my complaint was not filed within the proper deadline; that I do not present any factual allegations that would give rise to a Title VII cause of action; and that my complaint is fatally defective. As the Plaintiff, Rosario Marinello, do have evidence that supports my allegations warranting a Civil Action under Title VII. Evidence does show a pattern of Retaliation by the Department after I engage in protective activities in order to correct a Fair Employment matter.

**Legal Issues**

1) Federal Rules of Civil Procedure 12(b) (6): The filing deadline for EEOC charges.

2) Right to institute a legal action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. against the named respondent.

3) California Government Code section 12960 and 12965; the filing of a valid EEOC complaint, and the right to bring a Civil Action against an Employer as a result of this complaint.

**Facts**

1) **Case # # C 08-0664-JW Filed within Deadline:** The date of the Right to Sue notice is October 10th, 2007. The 90 day deadline is approximately January 10th, 2008. Refer to <u>Exhibit 1a: Letter from Department of Justice Dated October 10th, 2007.</u> Complaint # C 08-0664-JW was filed on

January 25th, 2008 and originally assigned as Case # C 08-0664-EDL at the US District Court Northern District of California San Francisco. My application to proceed in Forma Pauperis for Case # C-08-0664-EDL was also filed on January 25th, 2008, and thereby granted on February 26th, 2008. The complaint was not amended from the one filed on December 31st, 2007. On April 15th, 2008 it was reassigned to the US District Court Northern District of California in Oakland and changed to Case # C 08-0664 CW as per order of Transfer. This case is now Case # C 08-0664-JW scheduled for Case Management Conference on June 23rd, 2008 at 10:00 a.m. The location is at the US District Court Northern District of California San Jose, Courtroom 8.

2) **Not Hired for a Promotional Position:** On March 3rd 2005 I received a letter confirming my acceptance of a 24 month limited- term position as a Correctional Counselor I. During a Background Investigation that commenced in April of 2005, I demonstrated that I have the qualifications and I am physically and mentally capable for the position. In November of 2005 I passed a written Examination for the same position and passed with a respectable score and ranking. However, the department denied my background for an unspecific reason in December of 2005. <u>I subsequently appealed the decision with the State Personnel Board and was placed back on active status for the Open Promotional List according to a letter dated March 23rd, 2006 (refer to Exhibit 15).</u> I then attended approximately twelve interviews until January 2007, including two at CTF Soledad <u>and was not hired.</u> According to the feedback I received from panel members, I completed the interviews in a reasonably efficient manner.

3) **Removal from Promotional List:** As of February 20th, 2007 I was listed as Eligible for Correctional Counselor I by the Department of Corrections & Rehabilitation Certification Unit. <u>On February 23rd, 2007 I filed a complaint of Discrimination with the US District court in San Francisco on File as Case # 3:0-cv-0117BZ.</u> I subsequently interviewed at Salinas Valley State Prison on May 6th, 2007. <u>On May 10th, 2007 I received a letter stating that I was no Longer eligible and there was a Permanent Withhold placed on my name.</u> (refer to Exhibits 1&2)

4) **False Allegations:** After completing 5 year tenure as a Material and Stores Supervisor I, I decided to resign. I resigned with no fault effective June 30th, 2006 In order to prepare for the position of Correctional Counselor I position. At this time I was receiving positive feedback on my hiring from CTF Soledad and Salinas Valley Supervisors. My personnel file was cleared of any Adverse Actions and did not have any pending. However, two days after giving the notice on June 29th, 2006 I was informed by the SVSP EEO office that I would be placed under Investigation for the specified accusations (see Exhibit 16). These accusations led to Internal Affairs Investigation # CC N-II-SVSP-356-06-A (Exhibit 16). The alleged incident took place on March 30th, 2006, three months before I resigned. Until June 29th, 2006 I had no Information that there were any such accusations against me.

**Standard of Review and Conclusion**

Gonzales v. Stanford Engineering 597 F.2d 1298 June 1st, 1979 is the case that the representative for the Department references for time constraints. The Burden of proof is not the same as the burden of proof for the Issue in my case. In Gonzales the issue is whether the complaint was filed 90 days or 91 days. The Burden of Proof is on the Claimants Attorney to prove when he received the notice commencing the clock for the 90 day period. I received my notice within one week after October 10th, 2007. I filed the complaint, with the intent to initiate a Civil Action, in person at the US District Clerks Office in San Francisco. It was filed on December 31st, 2007 and ten days within the deadline. Thus the Burden of Proof lies on the Clerks Office for a minor technicality on the case number to use for the filing. (See copy of case filed December 31st, 2007)

The Department uses Hishon v. King & Spalding for case analysis on the Issue of Dismissal under rule 12 (b) (6), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. In the Hishon Case the Petitioner, a woman lawyer "claimed" that she was discriminated because she was a woman when she filed a charge with the EEOC. She was given "Fair and Equal Opportunity" for Promotion as a Law firm Partner according to an Employment contract, however she was not chosen after a five year employment. Her complaint was originally dismissed by the District Court but <u>was reversed and affirmed at the US Court of appeals for the 11th circuit, Hishon v. King & Spalding 678 F. 2d 1022.</u>

The facts in my case show a pattern of the Defendant using denial of hiring as a Correctional Counselor I, or in the later incident false allegations that I consider acts of retaliation. This is similar to Hishon v. King & Spalding in which the Plaintiff was dismissed after filing an EEOC Complaint. In my case I went through a screening process and passed a written exam designed to assess proficiency, qualifications, mental and physical ability. The process is designed to determine whether one can perform the functions of the Correctional Counselor I position. <u>I exceeded minimum qualifications in all areas.</u> I am a white male of European descent, and was 43 years of age at the time the original testing process began. The reasons for disqualifications on my Background Investigation are made on assumptions and bias toward my personal character, abilities, and integrity.

Thus my conclusion is that there was indeed retaliation and the complaint should be affirmed according to Federal Rules of Civil Procedure 12(b) (6); Right to institute a legal action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq; and California Government Code section 12960 and 12965, the filing of a valid EEOC complaint, and the right to bring a Civil Action against an Employer as a result of a complaint.

For the foregoing reasons, I the Plaintiff, Rosario Marinello, requests that this court <u>not</u> dismiss Case # C 08-0664-JW and proceed as scheduled.

I declare under penalty of Perjury under the laws of the State of California the foregoing is true and correct.

| | | |
|---|---|---|
| Rosario Marinello | *Rosario Marinello* | 6/14/08 |
| Plaintiff | Signature | Date |