EDMUND G. BROWN JR.
Attorney General of the State of California
MIGUEL A. NERI
Supervising Deputy Attorney General
FIEL D. TIGNO
Supervising Deputy Attorney General
DAVID PAI
Deputy Attorney General
State Bar No. 227058
   1515 Clay Street
   P. O. Box 70550
   Oakland, CA 94612-0550
   Telephone: (510) 622-2148
   Fax: (510) 622-2204

Attorneys for Defendant
California Department of Corrections
and Rehabilitation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO MARINELLO,<br><br>            Plaintiff<br><br>vs<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>            Defendant. | Case No. CV08-0664 JW<br><br>**NOTICE OF DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br>[Fed.R.Civ.Proc Rule 12(b)(6)]<br><br>Date: October 27, 2008<br>Time: 9:00 a.m.<br>Ctrm: 8<br>Judge: Hon. James Ware |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on October 27, 2008 at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 8 of the above-entitled court, located at 280 South 1st Street, San Jose, CA 95113, Defendant California Department of Corrections and Rehabilitation ("CDCR") will move for an order to dismiss plaintiff's amended complaint under Federal Rules of Civil Procedure, Rule 12 (b)(6).

This motion is necessitated by plaintiff's continued inability to sufficiently state a cause of action under Title VII of the Civil Rights Act of 1964. To wit, plaintiff has not and cannot allege that he was engaged in any protected activity as defined by Title VII.

The motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the pleadings, records and files in this action, and on such further material and argument as may be submitted at or before the hearing on this motion.

WHEREFORE, Defendant prays as follow:

(1) That the Complaint and each claim for relief alleged therein be dismissed as against Defendant State of California Department of Corrections and Rehabilitation without leave to amend;

(2) That Plaintiff be ordered to take nothing from moving Defendant;

(3) That judgment be entered in favor of the moving Defendant; and

(4) For such other relief as the court deems just.

Dated: July 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
MIGUEL A. NERI
Supervising Deputy Attorney General
FIEL D. TIGNO
Supervising Deputy Attorney General

/s/
DAVID PAI
Deputy Attorney General

Attorneys for Defendant
California Department of Corrections and Rehabilitation

EDMUND G. BROWN JR.
Attorney General of the State of California
MIGUEL A. NERI
Supervising Deputy Attorney General
FIEL D. TIGNO
Supervising Deputy Attorney General
DAVID PAI
Deputy Attorney General
State Bar No. 227058
  1515 Clay Street
  P. O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 622-2148
  Fax: (510) 622-2204

Attorneys for Defendant
California Department of Corrections
and Rehabilitation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO MARINELLO,<br><br>             Plaintiff<br><br>vs<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br><br>             Defendant. | Case No. CV08-0664 JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br>[Fed.R.Civ.Proc Rule 12(b)(6)]<br><br>Date: October 27, 2008<br>Time: 9:00 a.m.<br>Ctrm: 8<br>Judge: Hon. James Ware |

## I. INTRODUCTION

Plaintiff Rosario Marinello's amended complaint alleges a single cause of action under Title VII of the Civil Rights Act for retaliation. On June 23, 2008, the court granted plaintiff leave to amend to allow plaintiff to factually allege that he was engaged in activities protected under Title VII. Plaintiff's amended complaint continues to be devoid of any factual allegations that would give rise to a Title VII cause of action. Plaintiff's amendment does nothing more than

rephrase his initial, insufficient allegations—that he was refused promotion based upon a pending internal affairs investigation of him, and that the internal investigation relied on falsehoods. The Ninth Circuit has held that no Title VII protection exists for false charges made in an employer's internal proceeding. *Vasconcelos v. Meese*, 907 F.2d 1171, 1776 (9th Cir. 1990). Accordingly, the complaint is fatally defective in such a manner that no amendment can cure.

Plaintiff's continued failure to identify any protected activity should leave this court no choice but to grant this motion without leave to amend.

II.     **STANDARD OF REVIEW**

A dismissal under Rule 12(b)(6) is proper "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Recently, the Supreme Court specifically overruled the outdated standard that a complaint should not be dismissed under Rule 12(b)(6) unless it appears "beyond doubt" that plaintiff can prove no set of facts supporting the claim which would merit relief, characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard. *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, 127 S. Ct. 1955, 1969 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations and quotations omitted).

The standard now emphasized by the Supreme Court requires factual allegations to "be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65. Therefore, to properly state a claim, plaintiff's complaint must provide more than unwarranted deductions of fact, unreasonable inferences and unsupported statements of conclusions.

//

2
NOTICE OF DEFENDANT'S MOTION TO DISMISS                    Case No. CV08-0664 JW

### III. PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII BECAUSE HE DOES NOT ALLEGE THAT HE WAS ENGAGED IN A PROTECTED ACTIVITY NOR DOES HE ALLEGE ANY INTENTIONAL MISCONDUCT BY THE DEFENDANT

To establish a Title VII retaliation claim, plaintiff must show that (1) he was engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) a causal link exists between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506.

Plaintiff's amended complaint fails to allege that he was engaged in any protected activity. He also fails to allege a causal link between any protected activity and his inability to secure a position with the CDCR. Rather, he alleges that he was placed on a promotional list as a result of a State Personnel Board decision, but failed to secure a promotion over the course of 14 months, and was ultimately withheld from being promoted because he was the subject of an internal investigation that was based on false allegations. He does not allege any facts as to why he believes his involvement with the internal investigation was a protected activity, or allege that the investigation itself was discriminatory in any way.

An activity is protected under Title VII only if it involves participation in an investigation, proceeding, or hearing under Title VII (such as an EEOC investigation) or opposition to any employment practice that is unlawful under Title VII. 42 U.S.C. §2000e-3(a). For example, the First District affirmed the dismissal of a Title VII retaliation action premised on participation in union activities. *Morgan v. Mass. Gen. Hosp.*, 901 F.2d 186, 194 (1st Cir. Mass. 1990) (holding that plaintiff failed to specify any particular prohibited practices that he opposed or sought to change where reason for participation was allegedly unfair labor practice and not discrimination).

The Ninth Circuit affirmed the dismissal of a Title VII retaliation action against an employee who was dismissed for lying during an internal investigation of sexual harassment

charges she made. *Vasconcelose v. Meese*, 907 F.2d 111, 113 (9th Cir. 1990). In that case, the plaintiff alleged that her termination for lying during the internal investigation violated Title VII because statements made during the investigation, whether truthful or not, is a protected activity. *Id.* The Court rejected that argument, holding that while accusations made in the context of charges before the EEOC are protected, charges made outside of that context are not. *Id.*

In this case, the nature of the internal affairs investigation does not fall under a Title VII protected activity; i.e., plaintiff does not allege the investigation involved discriminatory or harassment claims made by him or his co-workers. He merely claims that the investigation was based on third-party falsehoods. Such allegation, even if true, is insufficient to state a retaliation cause of action under Title VII. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999) (noting that the court is not concerned with whether employment decision was prudent or fair but only whether it was motivated by unlawful discriminatory animus).[1]

In comparing the pleadings, plaintiff's amended allegations are substantively no different than his first complaint. As discussed at the hearing, it appears plaintiff is attempting to allege some type of state civil service whistleblower cause of action. These complaints are commonly heard by the State Personnel Board's (SPB) Division of Appeals, which retains jurisdiction of the merits of the state civil service system. See California Government Code §§ 18577, 18701. Plaintiff is well aware of SPB proceedings, as he mentions in his opposition to defendant's initial motion to dismiss that he has filed a concurrent SPB appeal.

Accordingly, plaintiff's amended Title VII complaint should be dismissed.

//

---

[1] Because plaintiff does not even make the allegation that the internal affairs investigation is a protected activity, any discussion about plaintiff's reasonable and good faith belief that the investigation was discriminatory, harassing or retaliatory under the ambit of Title VII would be premature. *See Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994) (Title VII liability exists where plaintiff had a reasonable and good faith belief that the incident constituted unlawful sexual harassment).

## IV. CONCLUSION

For the foregoing reasons, defendant State of California Department of Corrections and Rehabilitation respectfully requests that this court grant defendant's Motion to Dismiss the Amended Complaint in its entirety without leave to amend.

Dated: July 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
MIGUEL A. NERI
Supervising Deputy Attorney General
FIEL D. TIGNO
Supervising Deputy Attorney General

/s/
DAVID PAI
Deputy Attorney General

Attorneys for Defendant
California Department of Corrections and Rehabilitation