IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rosario Marinello, | NO. C 08-00664 JW |
|        Plaintiff,<br>v.<br>California Dep't of Corrections & Rehabilitation,<br>       Defendant. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Rosario Marinello ("Plaintiff"), in *pro per*, brings this action against the California Department of Corrections & Rehabilitation ("Defendant"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff alleges that Defendant failed to promote him due to false information in his background investigation.

Presently before the Court is Defendant's Motion to Dismiss.[1] The Court conducted a hearing on June 23, 2008. Based on the papers submitted to date and oral argument at the hearing, the Court GRANTS Defendant's Motion to Dismiss with leave to amend.

## II. BACKGROUND

In a Complaint filed on December 31, 2007, Plaintiff alleges as follows:

On or about May 10, 2007, Plaintiff was discriminated against by Defendant when he was not promoted and was removed from a promotional list. (Complaint ¶ 4, Docket Item

---

[1] (Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, hereafter, "Motion," Docket Item No. 22.)

No. 1.) The discrimination was retaliation for engaging in protective activities. (Id. ¶ 6.) Namely, Defendant used false allegations and incorrect information about Plaintiff during an internal affairs investigation. (Id.) Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 8.) The EEOC issued a Notice-of-Right-to-Sue letter to Plaintiff on October 10, 2007. (Id.)

On the basis of the allegations outlined above, Plaintiff alleges a single cause of action for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

Presently before the Court is Defendant's motion to dismiss.

### III.  STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

//

**IV.  DISCUSSION**

Defendant moves to dismiss on the grounds that: (1) Plaintiff's claim is barred by the statute of limitations; and (2) Plaintiff fails to allege that he engaged in a protected activity.  (Motion at 2.) The Court considers each issue in turn.

**A.    Statute of Limitations**

Defendant contends that the Complaint is barred by the statute of limitations because it was filed more than 90 days after Plaintiff received his right to sue letter.  (Motion at 3.)

A plaintiff alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 must first file a claim with the EEOC or an equivalent state agency.  42 U.S.C. § 2000e-5(e).  The EEOC is then authorized to seek conciliation or bring suit on behalf of the plaintiff.  42 U.S.C. § 2000e-5(f).  If the EEOC determines that it will not be able to investigate the claim and file a lawsuit within the statutory time frame, the plaintiff is entitled to file a lawsuit to enforce his rights.  Id.  The plaintiff must file his lawsuit within 90 days after receiving notice from the EEOC that it will not pursue the claim on plaintiff's behalf.  Id.  "The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations."  Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992) (citations omitted).  "If claimant fails to file within the 90-day period, the action is barred accordingly."  Id.  However, the statute of limitations is subject to equitable tolling if the untimeliness is not due to plaintiff's "failure to exercise due diligence in preserving his legal rights."  Id.

In this case, the EECO notified Plaintiff of his right to sue on October 10, 2007.  (Complaint ¶ 9.)  Thus, Plaintiff was required to file his Complaint by January 8, 2008.  The Docket reflects that the Complaint was filed on January 25, 2008.  (See Docket Item No. 1.)

However, the record also reflects that Plaintiff attempted to file his Complaint on December 31, 2007, within the 90-day period.  Plaintiff had previously filed an action against Defendant alleging employment discrimination in February 2007.  See Marinello v. California Dept. of Corrections & Rehabilitation, No. 07-1117 BZ (N.D. Cal. February 23, 2007.)  That action was dismissed without prejudice on December 20, 2007.  Id.  Plaintiff states that when he attempted to

3

file the Complaint in the present action, the Clerk of the Court instructed him to file the Complaint in the earlier case, 07-1117 BZ. (Plaintiff's Opposition to Defendant's Motion to Dismiss at 1, hereafter, "Opposition," Docket Item No. 29.) The Docket for case No. 07-1117 BZ reflects that Plaintiff filed a complaint on December 31, 2007; that complaint is identical to the Complaint correctly filed in this action on January 25, 2008. Thus, the Court finds that Plaintiff exercised due diligence in attempting to file suit within the 90-day period but mistakenly filed the Complaint in the wrong docket. In light of Plaintiff's *pro se* status, the error is excusable and the statute of limitations is subject to equitable tolling.

Accordingly, the Court tolls the statute of limitations and considers that Plaintiff's Complaint is timely. The Court DENIES Defendant's motion to dismiss on this ground.

**B.     Protected Activity**

Defendant contends that the Complaint fails to state a claim for retaliation under Title VII because it does not allege that Plaintiff was involved in any protected activity. (Motion at 4.)

Under Title VII, a plaintiff may establish a prima facie case of retaliation by showing that (1) he engaged in activity protected under Title VII, (2) the employer subjected him to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action. Passantino v. Johnson & Johnson Cons. Prods. Inc., 212 F.3d 493, 506 (9th Cir. 2000). "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000) (citing 42 U.S.C. § 2000e-3)).

The Complaint alleges that the discrimination claim is based on the following facts:[2]

> (1) Incorrect information was negatively interpreted in my promotional Background Investigation resulting in a Withhold placement from the CCI Promotional list around May 10th, 2007. (2) I was not allowed to reinstate in my former position as an M&SSI when requesting on May 31st, 2007, and July 30th, 2007. [sic] I was informed by the Chief

---

[2] The Complaint in this action is a form complaint available through the Northern District's website, http://www.cand.uscourts.gov.

4

Deputy Warden at Salinas Valley State Prison the reason was my being the subject of an Internal Affairs investigation that initiated on June 28th, 2006. I explained to an Investigator on September 6th, 2006 that the Allegations are False.

(Complaint ¶ 6, capitalization in original.)

The gravamen of Plaintiff's allegations is that he was improperly or unfairly denied a promotion. However, the facts alleged do not support a finding that the denial was in retaliation for Plaintiff's engagement in a protected activity. Although Plaintiff alleges that adverse actions were taken against him, he does not allege that the adverse actions were the result of his reports or protests of discriminatory acts by Defendant. Therefore, the present allegations do not state a prima facie case for retaliation under Title VII.

Accordingly, the Court GRANTS Defendant's motion to dismiss on this ground.

**C.    Leave to Amend**

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight Systems, Inc., 957 F.2d 655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

Here, Plaintiff represented at the hearing that he could amend his complaint to allege retaliation based on a complaint he had filed to the California State Personnel Board regarding improper conduct by his supervisors. Accordingly, the Court GRANTS Plaintiff leave to amend.

**V.  CONCLUSION**

The Court GRANTS Defendant's Motion to Dismiss with leave to amend.[3]

Dated: July 24, 2008

JAMES WARE
United States District Judge

---

[3] As of the date of this Order, Plaintiff has filed his Amended Complaint, and Defendants have noticed and filed a Motion to Dismiss the Amended Complaint for October 27, 2008.

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Pai David.Pai@doj.ca.gov
Karen K. Huster karenkiyo.huster@doj.ca.gov

Rosario Marinello
266 Reservation Rd. #f-232
Marina, CA 93933

**Dated: July 24, 2008**                                              **Richard W. Wieking, Clerk**

                                                                                             **By:  /s/ JW Chambers**
                                                                                                  **Elizabeth Garcia**
                                                                                                  **Courtroom Deputy**

United States District Court
For the Northern District of California