FILED

Rosario Marinello
Proceeding in Forma Pauperis
266 Reservation Rd. # F-232
Marina, CA 93933

2008 JUL 24 A 10: 25

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

United States District Court
Northern District of California

Rosario Marinello

Plaintiff

v.                                          Case # C-08-0664-JW

California Department of Corrections          **MEMORANDUM OF POINTS**
And Rehabilitation                            **AND AUTHORITIES IN**
                                              **SUPPORT OF MOTION**
                                              **FOR SUMMARY JUDGEMENT**

Defendant

**Introduction**

The following Memorandum presents case history In support of my allegations of
Discrimination under Title VII of the Civil Rights Act of 1964. There is indeed evidence
of retaliation by the California Department of Corrections and Rehabilitation. These acts
have occurred within a specific time frame after I have engaged in protective activities in
order to correct an unfair employment matter, or advance in my career. Case history also
shows that in a similar matter US Court affirmed Discrimination under Title VII.

**Legal Issue**

Retaliation for engaging in protective activities under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

**Standard of Review**

In March of 2005, I received a letter dated March 3rd confirming my acceptance of a 24 month limited term CCI Position at CTF- Soledad.  During a Background Investigation commencing in April of 2005 I demonstrated that I exceeded minimum qualifications and that I am physically and mentally capable of performing the duties of the position.  I was disqualified for "non-specific reasons", based on the opinion of Background Investigation Staff.

Hishon v. King and Spalding, 467 U.S. 69 (1984), the petitioner Elizabeth Hishon in 1972 accepted a position as an associate with a law firm with prospect of becoming a Partner of the Firm. It was a condition of employment that an associate would be considered for partnership on "A Fair and Equal Basis". This agreement created a binding employment contract. The Firm considered her for partnership in May of 1978, and December 1979, however they declined her as a Partner both times.

Exhibit 15: (Letter Dated march 23rd, 2006)

In November of 2005 I completed and passed an exam for the position of Correctional Counselor I with a respectable score and ranking. I was placed on an Open Promotional List. According to the California State Personnel Board letter dated March 23, 2006, I was accepted into the examination, passed and was on a certification list. Thus the SPB closed my appeal (SPB Case No. 04-2148), and agreed to return my name to Eligible Status for the position. After March of 2006, I attended approximately fifteen Interviews after being placed on Eligible Status, but was not hired. According to the feedback I received from panel members, I completed the interviews in a reasonably efficient manner.

On February 23rd,, 2007 I filed the complaint of Discrimination with the US District Court Case # 3:-CV-0117BZ for not being hired. On May 10th, 2007 I received a letter stating that I was no longer eligible and removed from the CCI list. The Departments position is that I do not posses the desirable qualifications for the position of Correctional Counselor I, based on my "Suitability". However this contradicts the letter from the California State Personnel Board dated March 23, 2006, concerning my Qualifications.

Similarly Elizabeth Hishon, Hishon v. King and Spalding, 467 U.S. 69 (1984), the Petitioner filed a Charge of violation of Title VII with the EEOC on November 19th 1979 claiming that the respondent had discriminated against her on the basis of her sex. Petitioners Employment was terminated on December 31st, 1979. The US District Court dismissed the complaint on the ground that Title VII was inapplicable to the selection of law partners by a partnership. However a divided panel of the United States Court of Appeals for the Eleventh Circuit affirmed. 678 F.2d 1022 (1982). Granted certiorari, 459U.S. 1169 (1983), and reversed.

**Conclusion**

Exhibit 19: (EEOC Form 5 (5/01 page 7, 8).

Although my complaint is not on the basis of race, color, religion, sex, or national origin, evidence clearly shows that cause for Title VII is applicable due to retaliation for engaging in protective activities. This is listed as a cause for a complaint of discrimination by the EEOC. Retaliation by a Respondent against Charging Parties is Illegal. (EEOC Form 5 (5/01 page 7, 8).

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in dismissal of my claims.

_Rosario Marinello_
Rosario Marinello

_7/22/08_
Date

Rosario Marinello

     Plaintiff

vs.

California Department of Corrections
and Rehabilitation

     Defendant

RECEIVED

2008 JUL 24  AM 10: 25

RICHARD W. WIEKING
CLERK
Case # C-08-0664-SW
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.



List of Exhibits

Exhibit 1: Notice of List Eligibility – Dated 02/20/07
Exhibit 2: Notice dated May 10th, 2007 from CTF Soledad Personnel Office
Exhibit 3: Withhold Response Form dated December 28th, 2006
Exhibit 4: Academic Evaluations
Exhibit 5: Academy Certificate
Exhibit 6: Employment Inquiry for CTF Soledad dated 01/27/06
Exhibit 7: Confidential Information Transmittal 11/29/2005
Exhibit 8: SPB Case #04-0650 Stipulation for Settlement
       Copy of ER-019 available on request.
Exhibit 9:  Stationary Engineers, Local 39 letter dated June 2, 2004
Exhibit 10: Letter of Instruction Dated April 23rd, 2004
Exhibit 11: Adverse Action Dated February 28, 2003
Exhibit 12: Performance Evaluation Nov 02-Nov 03 (not found)
Exhibit 13: Profit and loss statements from small business (available if needed).
Exhibit 14: Memorandum dated September 13th, 2005 & listed LOI's

LOI dated 8/9/2001
LOI dated 10/11/2001
LOI dated 2/27/2002
Adverse Action dated 2/28/2003 removed from file after March 1st, 2006.

Exhibit 15: <u>Chronological list of events since March 3rd, 2005 and related documents.</u>
Exhibit 16: Letter from the Office of Internal Affair dated 8/23/2006
Exhibit 17: Copy - Title 15 rule # 3400 / 3401
Exhibit 18: Case 3: CV-0117BZ
Exhibit 19: (EEOC Form 5 (5/01 page 7, 8)

Case # C-08-0664-JW

Exhibit#_____ 1 _____

CRT428
PNRXC

DEPARTMENT OF CORRECTIONS & REHABILITATION
CERTIFICATION UNIT
1515 S ST, RM 556 NORTH, SACRAMENTO, CA  95814
P. O. BOX 942883, SACRAMENTO, CA  94283-0001
TELEPHONE  (916) 324-6919
CALIFORNIA RELAY SERVICE (HEARING IMPAIRED ONLY) 1-800-735-2929 (TDD)

02/20/2007

NOTICE OF CURRENT LIST ELIGIBILITY

MARINELLO            ROSARIO
266 RESERVATION RD. F-232
MARINA               CA 93933

HOME: (831)  375-4216
BUSN: (831)  678-5500
      7568

THIS NOTICE IS BEING SENT TO YOU TO PROVIDE CONFIRMATION OF THE
PERSONAL DATA CHANGES THAT WERE REQUESTED.  PLEASE RETAIN THIS NOTICE
FOR FUTURE REFERENCE.  IF THE CHANGES ARE INCORRECT, PLEASE NOTIFY US
IN WRITING AT THE ADDRESS ABOVE.

CLASS: 99041   CORRECTIONAL COUNSELOR I

LIST TYPE:    DEPARTMENTAL OPEN
LIST STATUS:  ACTIVE
LIST DATE:    11/28/2005

CURRENT LIST LIFE:  48 MONTHS

YOUR CURRENT STATUS:  ACTIVE

YOUR SCORE:  85.00  WAIVERS USED:  1

LOCATION(S) YOU WILL WORK:
  2701 CORRECTIONAL TRNG FACILITY      2708 SALINAS VALLEY STATE PRISON
  3404 FOLSOM STATE PRISON             1606 CALIF STATE PRISON, CORCORAN
  3715 R J DONOVAN CORR FACILITY

TYPE OF EMPLOYMENT YOU WILL ACCEPT:
  PERMANENT - FULL TIME ONLY.
  TEMPORARY - FULL TIME ONLY.

Case # C-08-0664-JW

Exhibit#_____ 2 _____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
**CORRECTIONAL TRAINING FACILITY**
P.O. Box 686
Soledad, CA 93960



May 10, 2007

Rosario Marinello
266 Reservation Rd #F-232
Marina, CA 93933

Dear Mr. Marinello:

Thank you for your interest in the Correctional Counselor I vacancy at the Correctional Training Facility.

However, I regret to inform you, we are unable to schedule you for the Correctional Counselor I interviews. We were informed by Salinas Valley State Prison, Personnel Office that you had resigned effective June 30, 2006. Therefore, you are not eligible to interview for a lateral transfer.

Unfortunately, you are no longer on the Correctional Counselor certification list. The State Personnel Board has placed you on a Permanent Withhold for the Classification of Correctional Counselor I. You will need to contact the State Personnel Board if you have any questions regarding this matter.

If you have any questions regarding the interviews, you may call me at 678-3951, extension 4571.

Sincerely,

Lupe Rios
Staff Services Analyst
Delegated Testing Office

cc: cert file

Case # C-08-0664-JW

Exhibit#_____3_____

(Cal. 1/23/07; WITHHOLD)
Case No. 06-0787

# WITHHOLD FROM CERTIFICATION
## APPEAL REPORT

**PARTIES TO THE APPEAL:**    Rosario Marinello; California Department of
Corrections and Rehabilitation (CDCR) *(formerly
Department of Corrections)*

**CLASSIFICATION:**    Correctional Counselor I

**DATE OF HEARING:**    None.  Written Record

## AUTHORITY FOR WITHHOLD ACTION:

Government Code § 18935(n)[1] and Title 2, California Code of Regulations (2CCR), §
172[2].

## SUMMARY OF REASONS:

The appellant, Rosario Marinello, was withheld from certification because he furnished
inaccurate information and has a negative employment history.  As a result, his
suitability for a peace officer position is in question.

## DEPARTMENT'S POSITION:

The appellant completed his Personal History Statement (PHS) in March 2005.  The
background investigation revealed that on May 19, 2005, the Central Selection Center
of the Peace Officer's Selections received an Individual Service Request from the
Correctional Training Facility (CTF) to begin a background investigation on the appellant

---

[1] Government Code § 18935(n) provides that the State Personnel Board may withhold from certification
anyone who is, in accordance with Board regulation, found to be unsuited or not qualified for employment.
[2] Title 2, California Code of Regulations, § 172 requires that all candidates for State Civil Service possess
the general qualifications of integrity, honesty, sobriety, dependability, industry, thoroughness, accuracy,
good judgment, initiative, resourcefulness, courtesy, ability to work cooperatively with others, and
willingness and ability to assume the responsibilities and to conform to the conditions of the work
characteristic of the minimum qualifications of each classification and need not be specifically set forth
therein.

**Appeal of Rosario Marinello**

for the purpose of appointing him to the position of Correctional Counselor I. As a result of the background investigation the appellant was not cleared for hire. The decision not to hire the appellant for this position was based on several issues.

The appellant was previously employed as a Correctional Counselor at the CTF from August 1986, until he resigned in July 1993, to complete college and assist with a family business. The appellant reapplied for a Correctional Counselor position and was attending the academy in 1996 when he resigned for personal reasons.

The appellant has been employed with CDCR since June 2001, at Salinas Valley State Prison, as a Materials and Stores Supervisor I, for the Inmate Canteen. The recent background investigation revealed the appellant has consistently shown poor judgment and fails to abide by established facility procedures and policies. The appellant had two adverse actions, one in March 2004 and one in March 2005, which resulted in two separate 5% reductions-in-pay, for six months each.

These adverse actions were the result of the appellant's neglect of duty, and poor behavior during and outside of duty hours. There were two incidents cited where the appellant's failure to follow proper procedures caused a loss of funds and jeopardized inmate safety. The appellant also received a letter of instruction for the improper use of prison machinery. The appellant's performance evaluation for the period between November 2002 and November 2003 noted that the appellant needed to improve his work habits, staff relationships and work schedules.

The appellant received two letters of instructions in 2001, and one in 2002, for dereliction of duty. The background investigator also noted that the appellant disclosed the use of Cocaine in 1985, which was same year he was undergoing a background investigation with CDCR, which he cleared for a peace officer position. The appellant also disclosed the use of marijuana in 1996 at the age of thirty-six. The background

**Appeal of Rosario Marinello**

investigator noted that the appellant's use of illegal drugs demonstrates poor judgment and a disregard for the law.

The investigator also noted that on the appellant's current application he states that he was awarded a Masters of Business Administration (MBA) from Golden Gate University in May 2003. The transcripts reviewed by the investigator indicated he was working towards a Masters Degree, but there wasn't any evidence to verify that the degree had actually been awarded. The appellant insisted he had attained the degree, but could not provide the transcripts because he owed the school money.

**APPELLANT'S POSITION:**

The appellant stated in his appeal letter that he decided not to continue at the Correctional Academy in 1996 because he could not find help for his small business. The appellant said he was not aware of any adverse action in 2003, and did not practice bad behavior when he was off duty. The appellant also stated that he was never served with an adverse action as a result of budget problems at the Inmate Canteen and there wasn't any monetary loss.

The appellant also stated that the contents of the Letter of Instruction he received in April 2004, were inaccurate. He stated that he did not agree with the performance evaluation covering the period between November 2002 and November 2003. The appellant said he did not use illegal substances while undergoing a background investigation.

The appellant insisted that he does possess a MBA in Management from Golden Gate University, and it was completed in May 2003. According to the appellant, the diploma is in the Administration Office at the University, pending a balance due on his tuition. The appellant asked for reconsideration of his application for a Correctional Counselor I position with CDCR.

**Appeal of Rosario Marinello**

The appellant further states that on June 30, 2006, he "resigned from SVSP as a SSI with no fault."

**CONCLUSION:**

The appellant was previously employed as a Correctional Counselor for seven years at CTF. He resigned from this position to complete college and attend to personal matters. He reapplied to CDCR and attended the Training Academy in 1996, when he resigned for personal reasons. The appellant has been employed at CTF as a Materials Stores Supervisor since 2001. The background investigation revealed the appellant has a poor performance record and has received both verbal and written reprimands, and two adverse actions. The appellant's performance evaluations from November 2002 through November 2003 stated he needed improvement in the quantity and quality of his work, relationship with co-workers and meeting work commitments.

The appellant claimed to have completed work for a Masters Degree, but he failed to provide transcript verification. The appellant's negative employment history and furnishing inaccurate information eliminates him from the selection process for a Correctional Counselor I position.

The Appeals Division staff concurs with the CDCR that the appellant does not meet the standards required of a prospective peace officer.

Based upon the evidence contained in the written record, the appellant does not meet the general requirements set forth in 2CCR § 172. The appeal of Rosario Marinello should be **DENIED** and the withhold action sustained.


# "Original Signed by"

_____

Lanny Berry, Appeals Staff

Case # C-08-0664-JW

Exhibit#_____4_____

```
Student.............: Mr. Rosario Marinello (0102891)
Program............: Master of Business Administration - Management (MBA.MGMT)
Catalog............: 2001
Ant Completion Date: 01/06
  il Address.......: Sarro2001@aol.com
```

--------------------------------------------------------------------

*This Evaluation is provided for advisement purposes and does not
represent an official statement of your academic status.*
*****************************************************************

**If you believe there is an error on your evaluation, please send a
detailed email message to evaluations@ggu.edu *******************
*****************************************************************

**ATTENTION** The grade point and unit totals on this academic
evaluation include all coursework from Golden Gate University. It is
not an accurate reflection of the GPA and units completed for this
specific degree program and/or academic level. Information regarding
your GPA and units completed can be obtained on your grade report or
from an official transcript. Please contact the Office of Records
and Registration for additional clarification if necessary.
*****************************************************************

Program Status: Complete

| | Required | Current Earned | Remaining | Anticipated(*) Additional | Remaining |
|---|---|---|---|---|---|
| Institutional Credits: | 36.00 | 90.00 | 0.00 | | 0.00 |
| Institutional GPA....: | 3.000 | 3.830 | Met | | |
| Credits: | 42.00 | 150.00 | 0.00 | | 0.00 |
| GPA....: | 3.000 | 3.830 | Met | | |

(*) Anticipates completion of in-progress and registered courses
================================================================
Statuses: W=waived, C=Complete, I=In progress, N=Not started
P=Pending completion of unfinished activity
================================================================
C) 1: MBA Proficiency Requirements
     Credits: 3
     Complete both subrequirements:
     W) A: Graduate Writing
        > ENGL*301 - Graduate Writing II
!! Exception
     GMAT Waived


   C) B: Math30
        > Complete the math proficiency by taking an equivalent of
        > College Algebra with MATH*30 or MATH*200
          MATH-30........ 92/SP      ---        3  *TE
================================================================
C) 2: MBA Foundation - All Programs (except Accounting)
     Credits: 30
     Complete all 6 subrequirements:
     C) A: Accounting
        > ACCTG*201 - Accounting for Managers
        Credits: 6
        C) Group 2
           Credits: 6
             ACCTG-1A....... 92/SP      ---        3  *TE
```

```
   C) B: CIS
      > CIS*225 - Management Information Systems
         CIS-225........ 03/S2    A-        3

   C) C: Economics
      > ECON*202 - Economics for Managers
      Credits: 6
      C) Group 2
         Credits: 6
         ECON-1......... 92/SP    ---       3 *TE
         ECON-2......... 92/SP    ---       3 *TE

   C) D: Intl Business
      > MGT*204 - International Business and Strategy
      Credits: 3
      C) Group 1
!! Exception
   MGT 304 for MGT 204:Approved by Associate Dean

         MGT-304........ 02/SM    A-        3

   C) E: Theory/Communication
      > MGT*210 - Management Theory and Communications
      Credits: 6
      C) Group 2
!! Exception
   sun for course

         Credits: 6
         MGT-100........ 96/SP    A         3
         HRES-140....... 94/SP    A-        3

   C) F: Math
      > MATH*240 - Data Analysis for Managers
      Credits: 6
      C) Group 2
!! Exception
   Math 106 for Math 104;Approved by Associate Dean

         Credits: 6
         MATH-40........ 92/SP    ---       3 *TE
         MATH-106....... 96/FA    A         3
=================================================================
C) 3: MBA Advanced Program
   GPA Achieved/Needed: 3.95 / 3
      > MGT*300 - Managerial Analysis and Team Dynamics
      > **Must be taken as part of first 6 units of Advanced Program
      > FI*300A - Managerial Finance
      > MKT*300 - Marketing Management
      > OP*300 - Operations Management
      > OP*303 - Management of Innovation and Technology
      > MGT*362 - Developing Strategies for Competitive Advantage
      > **Must be taken as part of final 6 units of Advanced Program
!! Exception
   MGT 300 (Title Change)
```

```
        · FI-300A........ 02/F1    A-        3
          MKT-300........ 02/F2    A         3
          OP-300......... 03/S1    A         3
          OP-303......... 02/F2    A         3
          MGT-362........ 03/S2    A         3
          MGT-300........ 02/F1    A         3
```
==============================================================================
C) 4: Management Concentration
    Credits: 12
    GPA Achieved/Needed: 3.75 / 3
    Complete both subrequirements:
C) A: Concentration
        > MGT*346 - Human Resource Management
        > MGT*345 - Business, Government, and Society
          Credits: 6
          MGT-346........ 02/S2    A         3
          MGT-345........ 02/S2    B+        3

    C) B: Take Two
        > Take two courses from the following:
        > MGT*301 - Entrepreneurship
        > MGT*320 - Management Leadership: Theory and Practice
        > MGT*338 - The Manager as Communicator
        > MGT*348 - Negotiating in Business
        > MGT*396A-Z - Selected Topics in Management (3 units maximum)
        > MGT*398A - Internship: Management
!! Exception
    ECON 380 for Elective; Approved by the Associate Dean

          Credits: 6
          MGT-301........ 02/SM    A-        3
          MGT-348........ 03/S1    A         3
==============================================================================
OTHER COURSES:                     Registered  Earned
                                   Credits     Credits
FMGL-1A.............. 92/SP            3.00     3.00    *TE
  CH-1.............. 92/SP            3.00     3.00    *TE
PHIL-1.............. 92/SP            3.00     3.00    *TE
CIS-1............... 92/SP            3.00     3.00    *TE
ENGL-1B............. 92/SP            3.00     3.00    *TE
MGT-145............. 92/SP            3.00     3.00    *TE
HIST-17A............ 92/SP            3.00     3.00    *TE
HC-1................ 92/SP            3.00     3.00    *TE
SM-1................ 92/SP            3.00     3.00    *TE
MATH-20............. 92/SP            3.00     3.00    *TE
PSYCH-L............. 92/SP            3.00     3.00    *TE
GEN-L............... 92/SP            3.00     3.00    *TE
SPCH-35............. 92/SP            3.00     3.00    *TE
ART-L............... 92/SP            3.00     3.00    *TE
MGT-149............. 92/SP    B       3.00     3.00
ECON-105............ 93/FA    A-      3.00     3.00
MKT-100............. 94/FA    A-      3.00     3.00
HUM-143............. 95/SP    A       3.00     3.00
FN-100.............. 95/SP    A       3.00     3.00
MGT-156............. 95/SP    A-      3.00     3.00
ECON-103............ 95/FA    A       3.00     3.00
ENGL-120............ 96/SP    A       3.00     3.00
```

```
HR-173.............  96/SU    A     3.00    3.00   01/13/05                  Mr. Rosario Marine
llo                  Page
---------------------------------------------------------------------------------------------
ECON-101A...........  96/SU    A     3.00    3.00
OP-100..............  96/FA    A     3.00    3.00
LIT-105.............  97/SP    A     3.00    3.00
ANTHR-103...........  97/SP    A     3.00    3.00
   -125.............  97/SP    B+    3.00    3.00
   L-120............  97/SU    A-    3.00    3.00
(Credits in parentheses are anticipated earned)
=============================================================================================
                                   NOTES
```

Case # C-08-0664-JW

Exhibit#_____5_____



# State of California

## Department of Corrections

### Disturbance Control Program

Having successfully completed the required Course of Instruction

21st SPECIAL EMERGENCY RESPONSE TEAM BASIC ACADEMY
APRIL 19, 1988 TO APRIL 29, 1988

this certificate is awarded to

C/O ROSARIO MARINELLO

as testimony of the highest standards of Professional Performance

C. L. SMITH
CHIEF, EMERGENCY OPERATIONS

R. H. DENNINGER
DEPUTY DIRECTOR, INSTITUTIONS DIVISION

APRIL 29, 1988

Case # C-08-0664-JW

Exhibit#_____6_____

2994  012606  081  0065        7568  84331
0023    06026

**IMPORTANT:** Your name will be placed on INACTIVE STATUS for this classification if a copy of this form is not returned postmarked no later than:

02/09/06

| | |
|---|---|
| SEND REPLY TO | **INQUIRY DATE**  01/27/06 |

SEND REPLY TO

CORRECTIONAL TRAINING FACILITY
DELEGATED TESTING OFFICE
P.O. BOX 686
SOLEDAD, CA  93960

CERTIFICATION NUMBER: T328016
CLASS CODE: 99041

CLASSIFICATION
CORRECTIONAL COUNSELOR I

TO:
MARINELLO          ROSARIO
2266 NORTH MAIN ST #165
SALINAS            CA 93906

POSITION LOCATION
CTF SOLEDAD

LIST TYPE
DEPARTMENTAL OPEN

SALARY RANGE
$4637 - $6852    PER  MONTH

TIME BASE
FULL TIME

TENURE
TEMPORARY FOR 24 MONTHS
LEAP JOB EXAMINATION PERIOD

STATE DEPARTMENT
CORRECTIONS & REHABILITATION

TELEPHONE NUMBER
(831) 678-3951 EXT 4570

TELEPHONE NUMBER:
CALIFORNIA RELAY SERVICE
(800) 735-2929

YOU ARE BEING CONTACTED BECAUSE YOUR NAME IS DESIGNATED AS ONE OF THE PERSONS WHO:

WAS SUCCESSFUL IN AN EXAMINATION FOR THE CLASS SHOWN ABOVE

ADDITIONAL INFORMATION

IF INTERESTED, PLEASE SUBMIT A COMPLETED STATE APPLICATION, A CURRENT
PERFORMANCE EVALUATION AND THE TOP COPY OF THIS EMPLOYMENT INQUIRY TO THE
DELEGATED TESTING OFFICE BY 2/9/06.  ONLY CANDIDATES IN "REACHABLE" RANKS
WILL BE INTERVIEWED.  THIS POSITION MAY BECOME PERMANENT IN THE FUTURE.

## PLEASE READ REVERSE SIDE *BEFORE* COMPLETING THIS SIDE

If you **ARE** interested in the position described above, please complete the following:

☐ **YES -** I am interested in being considered for possible appointment to this position. I have attached my completed application (STD. 678) to this copy for your consideration. *(If you are unavailable for employment within 30 days from the date of job interview, it MAY BE considered a waiver for this position.)*

☐ Check this box if you are disabled and will require reasonable accommodation in the event you are scheduled for an interview.

If you are **NOT** interested in the position described above, please complete the applicable items below.

1.
☐ **NO -** I am not interested in being considered for this position but wish to remain on active status for future employment vacancies.

2. Check one or more tenure and time base preferences: If you check both permanent and limited term and receive a limited term appointment, your name will continue to be certified for permanent positions. *LEAP CANDIDATES -- READ PARAGRAPH NUMBER 5 ON REVERSE SIDE BEFORE SELECTING OPTIONS.*

I AM AVAILABLE ONLY FOR:

☐ PERMANENT - FULL TIME          ☐ PERMANENT - PART TIME          ☐ PERMANENT - INTERMITTENT

☐ LIMITED TERM - FULL TIME       ☐ LIMITED TERM - PART TIME       ☐ LIMITED TERM - INTERMITTENT

3. I AM NOT INTERESTED IN POSITIONS IN THIS CLASS.

☐ Please place my name on inactive status for this class. I understand that I may request to have my name restored to active status at a later date provided I still have list eligibility.

☐ I have accepted employment in this class with:

_____    _____
(State Department Name)        (Employment Date)

☐ Please place my name on inactive status. I have been appointed to the class listed below:

_____    _____
(Class Title)                  (Appointment Date)

4. I DO NOT WISH TO WORK IN THE LOCATION INDICATED ABOVE. PLEASE REFER MY NAME ONLY FOR THE FOLLOWING LOCATION(S):

_____

_____

5. OTHER *(Explain)*

**NOTE -** As a result of changes in your location and/or tenure and time base choices, your name will not be deleted from any certification list(s) which may already have been issued prior to this request being processed. Therefore, you must continue to reply to contacts resulting from those certification list(s). **FAILURE TO REPLY WILL PLACE YOUR NAME ON INACTIVE STATUS.**

DISTRIBUTION:    Page 1 - Retained by Eligible;        Page 2 - Return to Sender;        Page 3 - Retained by Department

Case # C-08-0664-JW

Exhibit#_____7_____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**HUMAN RESOURCES**
**OFFICE OF PEACE OFFICER SELECTION**
**CENTRAL SELECTION CENTER**
2510 South East Avenue, Suite 360
Fresno, California 93706



January 17, 2006

Mr. Rosario Marinello
2266 North Main Street #165
Salinas, CA 93906

Dear Mr. Marinello:

This is in response to your request for copies of information contained in your background file. The disclosure process has been completed and the copies you requested are enclosed.

Please be advised that your request is for information that is governed by the Information Practices Act of 1977. Therefore, any disclosures of such are only made in strict compliance with this law.

If you have any questions regarding this procedure, you may contact the Background Investigation Section, Central Selection Center at (559) 445-5770.

Sincerely,

*T. L. Carrizosa, SSA*
T. L. CARRIZOSA
Staff Services Analyst
Background Investigation Unit

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

OFFICE OF PEACE OFFICER SELECTION
BACKGROUND INVESTIGATION UNIT

# CONFIDENTIAL INFORMATION TRANSMITTAL

/SS 100 (Formerly SSB/CIT) (1/04)

> Information contained on this document was obtained as a result of a background investigation conducted on the below named applicant. It may contain controlled information from other agencies or information that has been obtained under promise of confidentiality and may not be released to the applicant. This document shall NOT be placed in the applicant's official personnel file. It has been prepared for your information only—shred when no longer needed. If the applicant requests information about his/her background investigation, please provide them the attached Record Access Request Form and instruct them to complete and submit the form to the Selection Center.

**DATE:**   November 29, 2005

**ATTN:**   A. P. Kane, Warden (A)
Correctional Training Facility
Highway 101 North
Soledad CA 93960

**APPLICANT:**   MARINELLO, Rosario

**SSN:**   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

**CLASS:**   Correctional Counselor I

**DISCLOSURE MADE TO APPLICANT
BY T. L. CARRIZOSA, SSA DATE _01-12-06_
DEPARTMENT OF CORRECTIONS
BACKGROUND INVESTIGATION UNIT**

On May 19, 2005, the Central Selection Center of the Office of Peace Officer Selections received an Individual Service Request (ISR) from the Correctional Training Facility (CTF) to initiate a background investigation on Rosario Marinello for the purpose of appointing him to the position of Correctional Counselor I. This is to advise you, as a result of the findings of the background investigations, Mr. Marinello is not clear for hire.

The decision not to clear Mr. Marinello for an appointment as a peace officer with the Department of Corrections and Rehabilitation (CDCR) is based on several issues. Mr. Marinello was previously employed as a Correctional Officer at CTF from August 1986 until he resigned in July 1993 to complete college, assist with a family owned business, and other personal reasons. He reapplied for Correctional Officer and was attending the Basic Correctional Officer Academy in 1996 when he resigned for personal reasons.

Since June of 2001, Mr. Marinello has been employed with CDCR at Salinas Valley State Prison (SVSP) as a Material and Stores Supervisor I, for Inmate Canteen. The current background investigation revealed that at his present assignment, Mr. Marinello has consistently demonstrated a pattern of disregard, poor judgment and indifference to following well established security procedures at the prison.

The background investigation revealed Mr. Marinello has had two adverse actions taken against him, in his current position, which resulted in two separate 5% reductions in pay for period of 6 months. One was served to him on March 5, 2005 and the other one on March 3, 2004. These were due to inexcusable neglect of duty, inefficiency, and other failure of good behavior either during or outside of duty hours, which is of such a nature that causes discredit to the appointment authority, or a person's employment.

CONFIDENTIAL DOCUMENT - DESTRUCTION REQUIRED

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

OFFICE OF PEACE OFFICER SELECTION
BACKGROUND INVESTIGATION UNIT

# CONFIDENTIAL INFORMATION TRANSMITTAL
)SS 100 (Formerly SSB/CIT) (1/04)

APPLICANT:   MARINELLO, Rosario
      SSN:   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

The background investigation revealed that while working at the inmate canteen in August of 2003, Mr. Marinello allowed his inmate canteen worker to take $34.65 worth of canteen merchandise on credit to pay off a debt allegedly owed to another inmate. Mr. Marinello failed to notify the institution of a possible threat to the safety and security of the inmate. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ a post it note left by the applicant on a can of tobacco in the canteen, which led to the uncovering of this breach of security by the applicant. Mr. Marinello later submitted a memorandum to the institution's administration stating that the reason he allowed the inmate to take merchandise from the canteen without paying for it is because he thought that the inmate would get beat up if he failed to make good on his debt.

The other adverse action resulted from Mr. Marinello's failure to properly identify the inmate to whom he was issuing canteen items. This resulted in canteen items being issued to the wrong inmate and a monetary loss of $80.65 to the institution.

Information developed during the investigation indicates Mr. Marinello may currently have another pending adverse action that is related to his conduct and job performance. However, during a discrepancy interview on November 18, 2005, Mr. Marinello advised his investigator that he has no current issues involving his work performance.

The background investigation disclosed that in April of 2004, Mr. Marinello received a letter of instruction after he left a fork lift with the keys in the ignition, which could have resulted in an inmate or staff injury and an inmate escape. Due to his negligence an employee tripped over the forks of the forklift. Upon seeing this, Mr. Marinello failed to show any common courtesy towards the employee and made no attempt to offer any assistance. When his supervisor tried to discuss this situation with Mr. Marinello, he became agitated, argumentative and disrespectful. He furthermore told his supervisor that he did not like his job and only took the job at the institution to become a Correctional Counselor.

His performance evaluation for the period November 2002 to November of 2003 indicated that Mr. Marinello needed improvement in quality of work, quantity of work, work habits, relationship with people, taking action independently, meeting work commitments and analyzing situations and materials.

The background investigations revealed that the applicant has received the following letter of instructions at his current position:

Letter of Instruction dated February 27, 2002, indicates that on February 20, 2002, the applicant and another employee delivered 216 ice cream bars to an inmate canteen and failed to put them in the freezer, which caused monetary loss to the Department due to negligence.

Letter of Instruction dated October 11, 2001 on the importance of properly counting merchandise and searching inmates entering and leaving the canteen.

Letter of Instruction dated August 9, 2001, indicates that Mr. Marinello left the Facility D-Canteen without locking the front window, which caused a monetary loss of $193.90 to the Department due to his failure to follow proper security procedures.

DISCLOSURE MADE TO APPLICANT
BY T. L. CARRIZOSA, SSA DATE _01-17-06_
DEPARTMENT OF CORRECTIONS
BACKGROUND INVESTIGATION UNIT

PORTIONS OF THIS DOCUMENT HAVE BEEN
SUMMARIZED OR DELETED UNDER AUTHORITY OF
CIVIL CODE SECTION 1798.38 AND/OR 1798.41
AND/OR 1798.42

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

OFFICE OF PEACE OFFICER SELECTION
BACKGROUND INVESTIGATION UNIT

# CONFIDENTIAL INFORMATION TRANSMITTAL

OSS 10O (Formerly SSB/CIT) (1/04)

APPLICANT:   MARINELLO, Rosario
        SSN:   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

In his Personal History Statement (PHS), Mr. Marinello disclosed using the illegal substance cocaine in 1985, this was the same year he was undergoing a background investigations with the Department for a peace officer position, which he cleared. The background investigation file for 1985 was not available for review, but if that information had been available to his investigator in 1985, the candidate would have been found unsuitable for peace officer employment.

The candidate further discloses that in 1996, at the age of thirty six, he used marijuana twice.

The use of an illegal substance demonstrates poor judgment as well as disregard for law. Mr. Marinello used cocaine while undergoing the selection process for Correctional Officer in 1985. He used the illegal substance marijuana after he had resigned his position as a peace officer. The department cannot entrust an individual with such poor judgment and disregard for the law with peace officer powers.

On his current state application, Mr. Marinello claims to have been awarded a Masters of Business Administration from Golden Gate University in May 2003. The background investigation unit requested transcripts from the applicant to verify his educational claim. Some transcripts were received that indicated Mr. Marinello was working ward a master's degree, but they did not verify he had attained the degree. Mr. Marinello maintained that he did have the claimed master's degree, but could not provide transcripts as he owed the school money.

For the reasons listed above, Mr. Marinello is not cleared for appointment to Correctional Counselor I. Pursuant to Section 31060.9.3.3 of the Departmental Operations Manual, this action may be appealed to the Chief Deputy Director, Field Operations, via the Deputy Director, Institutions.

If you have any questions or concerns, please call Valerie Klassen, Staff Services Manager III at Office of Peace Officer Selections at (559) 445-5770, extension 222.

Valerie Klassen, Staff Services Manager III
Office of Peace Officer Selection

DISCLOSURE MADE TO APPLICANT
BY T. L. CARRIZOSA, SSA DATE _01-17-06_
DEPARTMENT OF CORRECTIONS
BACKGROUND INVESTIGATION UNIT

CONFIDENTIAL DOCUMENT - DESTRUCTION REQUIRED
PAGE    3    OF    3

Case # C-08-0664-JW

Exhibit#_____8_____

(Marinello continued)

BEFORE THE STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Appeal by | |
| ROSARIO MARINELLO | Case No. 04-0650 |
| From five percent reduction in salary for 12 months as a Materials and Store Supervisor I (CF) with Salinas Valley State Prison, Department of Corrections at Soledad | |

## PROPOSED DECISION

This matter came on regularly for hearing before Barbara E. Brecher, Administrative Law Judge, State Personnel Board (SPB), on June 8, 2004, at Soledad, California.

Appellant, Rosario Marinello, appeared in pro per.

Respondent was represented by Lt. Vertis Elmore, Salinas Valley State Prison.

The Administrative Law Judge makes the following Proposed Decision:

I

The above five percent reduction in salary for 12 months effective March 12, 2004, and appellant's appeal therefrom, comply with the procedural requirements of the State Civil Service Act.

1

(Marinello continued)

II

At the hearing, with assistance with the Administrative Law Judge, the parties settled the matter by stipulating as follows:

1. Respondent agrees to remove the notice of adverse action from appellant's official personnel file upon approval of this stipulation for settlement by the SPB.

2. Appellant withdraws his appeal.

3. The parties enter into this agreement freely and voluntarily and hereby waive any further right of appeal they may have arising out of the dispute settled herein.

4. This stipulation for settlement is subject to the approval of the SPB.

\*    \*    \*    \*    \*

WHEREFORE IT IS DETERMINED that the stipulation is approved.

\*    \*    \*    \*    \*

I hereby certify that the foregoing constitutes my Proposed Decision in the above-entitled matter and I recommend its adoption by the State Personnel Board as its decision in the case.

DATED:    June 8, 2004

Barbara E. Brecher
Administrative Law Judge
State Personnel Board

2

Case # C-08-0664-JW

Exhibit#_____9_____



# Stationary Engineers, Local 39

INTERNATIONAL UNION OF OPERATING ENGINEERS AFL-CIO

**JERRY KALMAR**
BUSINESS MANAGER-SECRETARY



June 2, 2004

Rosario Marinello
390 Melrose Avenue
Pacific Grove, CA 93950

**Re:    Withdrawal of Representation**
**Disciplinary Appeal**
**Case No. 04-0650**

Dear Ms. Marinello,

This letter is to advise you that Stationary Engineers, Local 39 has decided not to pursue the appeal of the disciplinary action taken against you.  Together with our attorneys, the Union has investigated the relevant facts, and has determined that the appeal will not be sustained after hearing.  Specifically, our attorneys have advised us that based on their experience, the Hearing Officer would deny the appeal.

You have the right to pursue the appeal of your discipline independent of the Union.  You have the right to represent yourself, or to hire an attorney or other representative to represent you.  If you do not take any further action, then your appeal will be dismissed.

The State Personnel Board is being informed of the Union's decision not to pursue your appeal and it is your responsibility to continue with the appeal from this date forward.  Be advised that should you choose to go forward with your appeal, all costs associated with the appeal process will be your responsibility.

Your appeal hearing is set to convene on Tuesday, June 8, 2004 at 1pm.  You or your representative must contact The State Personnel Board Appeals Division – 801 Capitol Mall, PO Box 944201 – Sacramento, CA 94244-2010 at 916-653-0544 should you wish to continue the appeal or schedule at continuance.

Enclosed is a copy of the Appeals Division general information and your Notice of Appeal.

If you have any questions regarding this matter contact me at 415/861-1135.
Sincerely,

Dan McNulty
Business Representative

cc:    California State Personnel Board, Appeals Division
Legal Counsel

337 VALENCIA STREET   •   SAN FRANCISCO, CA 94103   •   FAX (415) 861-5264   •   (415) 861-1135



# CALIFORNIA STATE PERSONNEL BOARD

801 Capitol Mall • Sacramento, California 95814 • www.spb.ca.gov

ARNOLD SCHWARZENEGGER, Governor



April 01, 2004

Rosario Marinello
390 Melrose Avenue
Pacific Grove, CA 93950

**Appellant's Representative:**
 IUOE - San Francisco
337 Valencia Street
San Francisco, CA 94103
Attn: Dan McNulty

**Personnel Officer:**
 Corrections - Personnel
1515 S Street, South Bldg.
Sacramento, CA 95814

**Legal Office:**
 Corrections - Legal
1515 S Street, #314 South
Sacramento, CA 95814
Attn:

**Class Title:**    Materials & Stores Supervisor I, CF
**Appeal Type:**   Red/Sal (5%/6 Mo/More)

Dear Rosario Marinello:                              **Case No.:** 04-0650

Your letter has been received by the Appeals Division and is pending preliminary staff review to determine State Personnel Board (SPB) jurisdiction for your concerns.  The Appeals Division may accept appeals regarding Civil Service Adverse Actions (Dismissal, Suspension, Demotion, Reduction in Salary, and Official Reprimand), Rule 282 Limited Term Termination, TAU Termination with Fault, Medical Termination/Demotion and Rejection During Probation.   Various County Disciplinary Actions and Discrimination Complaints as well as some California State University Dismissals, Demotions, and Suspensions are also accepted by the SPB.

For most appeals, Government Code provides that the period from the filing of an appeal to the decision of the board shall not exceed six months.  Continuances of hearings requested by parties and granted by administrative law judges shall waive the statutory timeframes, however.  Please be assured that we take every measure to process all appeals in an expeditious, fair, and timely manner.

It will be approximately **30 days** before we are able to determine jurisdiction and schedule your initial appeal for hearing.  If you have not been advised of the status of your appeal after **30 days**, you may contact us at (916) 653-0544, (TDD 916-654-2360).  If we need additional information we will write to you at the above address.  Please notify us in writing of any corrections or changes to your name or address.

Enclosed is a copy of the Appeals Division "General Information" and "Evidentiary Appeal Hearing Procedures" brochures for your information.  Also enclosed is the State Personnel Board "Peremptory Strike List".  Please see the attachment on the "Full day/Multiple day, Fast Track Processes, and the Settlement Conference and Pre-Hearing Conference Pilot Project."

Sincerely,

*Mildred Harris*

Mildred Harris
Appeals Division

Enclosure (Appellant only)

Case # C-08-0664-JW

Exhibit#_____ *15* _____

Rosario Marinello

vs

Department of Corrections and Rehabilitation


Chronological List of events

The following events are in chronological order beginning in March of 2005 when I was initially offered the position Correctional Counselor I.

- March 3rd, 2005: I received a letter dated March 3rd, 2005 from The Correctional Training Facility at Soledad; this was confirmation of my acceptance of a 24 month limited-term position as a Correctional Counselor I.

- June 10th, 2005: I received a letter dated June 10, 2005, for successfully completing the first half of the components required for the position of Peace Officer status with the Department of Corrections.

- November 2005: Successfully passed the Correctional Counselor I written examination and placed on the open Promotional list.

- December, 2005: I received a letter dated Dec 5th, 2005 stating that I was denied peace officer status with the Department of Corrections due to "suitability".

  I responded to the denial by sending an appeal request dated December 13th, 2005, to the Department of Corrections legal office. I was sent back a response dated January 6th, 2006, with instructions on how to obtain information concerning my background denial.

- January 2006: I received a Confidential Information Transmittal dated January 17th, 2006 regarding my background investigation. Upon reviewing the information I discovered inaccurate information concerning events that occurred during my employment as an M&SSI at Salinas Valley State Prison, and negative statements concerning my personal character.

- Feb, 2006 -Response to Confidential Information dated February 6th, 2006: I sent an appeal on the information dated to the California State Personnel Board. The appeal follows the guidelines of the Departments Operations Manual. I included clarification of the discrepancies in the information.

- Letter dated March 23rd, 2006: From the California State Personnel Board referring to case # 04-2148, stating that I was placed back on the eligibility list for peace officer status based on a Correctional Counselor I written examination that I was successful in November of 2005. My appeal was discontinued.

Rosario Marinello

vs

Department of Corrections and Rehabilitation


Chronological List of events

The following events are in chronological order beginning in March of 2005 when I was initially offered the position Correctional Counselor I.

- March 3rd, 2005: I received a letter dated March 3rd, 2005 from The Correctional Training Facility at Soledad; this was confirmation of my acceptance of a 24 month limited-term position as a Correctional Counselor I.

- June 10th, 2005: I received a letter dated June 10, 2005, for successfully completing the first half of the components required for the position of Peace Officer status with the Department of Corrections.

- November 2005: Successfully passed the Correctional Counselor I written examination and placed on the open Promotional list.

- December, 2005: I received a letter dated Dec 5th, 2005 stating that I was denied peace officer status with the Department of Corrections due to "suitability".

  I responded to the denial by sending an appeal request dated December 13th, 2005, to the Department of Corrections legal office. I was sent back a response dated January 6th, 2006, with instructions on how to obtain information concerning my background denial.

- January 2006: I received a Confidential Information Transmittal dated January 17th, 2006 regarding my background investigation. Upon reviewing the information I discovered inaccurate information concerning events that occurred during my employment as an M&SSI at Salinas Valley State Prison, and negative statements concerning my personal character.

- Feb, 2006 -Response to Confidential Information dated February 6th, 2006: I sent an appeal on the information dated to the California State Personnel Board. The appeal follows the guidelines of the Departments Operations Manual. I included clarification of the discrepancies in the information.

- Letter dated March 23rd, 2006: From the California State Personnel Board referring to case # 04-2148, stating that I was placed back on the eligibility list for peace officer status based on a Correctional Counselor I written examination that I was successful in November of 2005. My appeal was discontinued.

- <u>Letter dated March 24th, 2006</u>: The California State Personnel Boards appeal division filed my appeal as Case no: 06-0787. It states that the purpose of the appeal process is to determine whether my name was inappropriately withheld from certification. On April 22nd I sent my response to Personnel Board in order to continue this appeal.

- From February 2006 until May 6th, 2007 I interviewed at the Institutions listed on my exam application. I was not offered a position. On May 10th 2007 I received a letter from CTF-Soledad stating I was placed on Permanent Withhold.

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                                    ARNOLD SCHWARZENEGGER, *Governor*

**DEPARTMENT OF CORRECTIONS**
**CORRECTIONAL TRAINING FACILITY**
Attn: Delegated Testing
P. O. Box 686
Soledad, CA 93960-0686
(831) 678-3951

March 3, 2005

Rosario Marinello
1130 Fremont #181
Seaside, CA 93940

Dear Mr. Marinello:

I would like to confirm your acceptance of a Limited-Term 24 months/Full-Time Correctional Counselor I position with the Correctional Training Facility. This offer of employment is contingent on approval from Department of Corrections Selection and Standards Branch.

You are also required to complete the Personal History statement booklet you picked up on Monday, February 28, 2005 from the Delegated Testing Office. You need to return the Personal History Statement Booklet along with the required items mentioned in the Personal History Statement Booklet to the Delegated Testing Office

You will be contact by Selection and Standards Branch personnel as to the date and time of your appointment for the written psychological examination, vision screen, and preemployment medical examination.

If you have any questions, please contact the Delegated Testing Office (831) 678-3951 extension 4570 or 4571.

Lupe Rios
Staff Services Analyst
Delegated Testing Office

STATE OF CALIFORNIA — YOUTH AND ADULT CORRECTIONAL AGENCY                                    ARNOLD SCHWARZENEGGER, *Governor*

**DEPARTMENT OF CORRECTIONS**
Central Selection Center
2510 South East Avenue, Suite 360
Fr     ), California  93706



June 10, 2005                    **CONFIDENTIAL**

Rosario Marinello
60 Stephanie Drive #B202
Salinas, CA  93901

Dear Mr. Marinello:

Congratulations on successfully completing the first half of the selection process components required for a peace officer position with the Department of Corrections.  The next component you must successfully complete is the Background Investigation.

Your background investigation case has been assigned to M. Navrozally, Background Investigator.  While your background investigation is in progress and until you report to the Basic Correctional Officer Academy (if successful throughout the process), you must keep your investigator apprised of any changes you have in residence, employment, or law enforcement contacts.  Submit all information in writing to the address listed below and include your social security number, signature and date.  If you feel the information you have is urgent, please contact your investigator at (559) 445-5770, extension 231, Monday through Friday from 8:00 A.M. to 5:00 P.M.  If you leave a voice mail message for your investigator, include your social security number.

All correspondence to your investigator should be addressed to:

California Department of Corrections
Background Investigation Unit
2510 South East Avenue, Suite 360
Fresno, California  93706
Attn: M. Navrozally, Background Investigator

Failure to provide complete, thorough and accurate information regarding your background history or failure to keep your investigator updated of any changes may be considered a willful omission on your part and may be cause to withhold your name from the list of eligible candidates for the position you applied.

Please be aware that the average background investigation takes approximately 90 days to complete from the date it is assigned to an investigator.  Unless instructed otherwise by your investigator, do not call to check on the status of your case, unless it has been active for over 90 days.

Sincerely,

M. Navrozally, Background Investigator
Background Investigation Unit
Central Selection Center
Moeen.Navrozally2@corr.ca.gov

cc:  File

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                                          ARNOLD SCHWARZENEGGER, Governor

OFFICE OF PEACE OFFICER SELECTION
CENTRAL SELECTION CENTER
BACKGROUND INVESTIGATION UNIT
710 SOUTH EAST AVENUE, SUITE 360
FRESNO, CA 93706



DEC 0 5 2005

Rosario Marinello                                    CLASS:    Correctional Officer
2266 North Main Street #165
Salinas, CA  93906

Dear Mr. Marinello:

This is regarding your request for appointment to the position of Correctional Officer.  As part of the
selection process, the Department of Corrections and Rehabilitation conducts a background
investigation on each candidate to determine his or her suitability for a peace officer position with this
Department.  The investigation of your background was recently concluded and the determination has
been made that you do not possess the desirable qualifications for this position based on the following:

* Suitability

This action is taken in compliance with Departmental Policy and State Personnel Board Rule 172 under
the authority delegated to this Department by the State Personnel Board.

Sincerely,

V. M. Klassen, SSMIII
Chief Background Investigator

Date:     12/13/2005

From:     Rosario Marinello
          2266 North Main St. apt # 165
          Salinas, Ca. 93906

To:       California Dept. of Corrections and Rehabilitation
          Legal Office
          1515 S Street, # 314 South
          Sacramento, Ca. 95814

Subject:  Request for Immediate Appeal of Background Investigation Decision

To Whom It May Concern:

I am respectfully requesting that the decision on my background investigation (Not
Suitable for Correctional Officer classification) be re-considered with the following
actions.

1) An explanation of the specific reason or reasons

2) Any discrepancies corrected

3) Completed correctly in a timely manner.

I have enclosed a copy of my acceptance letter of a Limited-term 24 month full-time CCI
position with CTF Soledad, the letter from the Background Investigation Unit initiating
the background case, and the recent letter with the decision.

I strongly disagree with the decision due to my seven-year successful tenure as a
Correctional Officer, five years as a member of the CTF SERT team, and level of
Education I have achieved while working full-time. Your consideration in this matter is
greatly appreciated.

Sincerely,

Rosario Marinello

CC: Lupe Rios, Staff Services Analyst, Delegated Testing Office

From: Rosario Marinello                                   2/6/2006
      M&SSI
      Salinas Valley State Prison
      Soledad Ca, 93960


To:   California State Personnel Board
      Attn: Appeals Division
      1515 S Street, South Bldg.
      Sacramento, Ca 95814


I am appealing the decision concerning my suitability as a Correctional Counselor I. The following responses are to clarify and correct inaccurate information in the Confidential Information Transmittal I received dated November 29th, 2005.

- I decided not to continue with the Basic Correctional Officer Academy in 1996 due to my inability to secure a full-time manager for my small business. This caused a conflict of interest with full-time employment for the Department.

- I have always followed all established safety and security procedures, and have made suggestions for, and implemented security improvements based on my experience in custody.

- I am only aware of the adverse action dated 28th, 2003. The Adverse Action dated March 3, 2004, (Inmate Pilgrim incident) was removed from my personnel file after an SPB hearing on the matter in August of 2004. The items were issued to Inmate pilgrim after he signed and fingerprinted a trust account withdrawal for that exact amount of $34.65. I informed my immediate supervisor of the situation within one half hour of the incident. The facility was on lockdown status, thus there was no immediate threat.

- I do not practice bad behavior during off duty hours, and have no knowledge of the specific accusations.

- Concerning the matter of the Items that totaled $80.65 issued to the wrong inmate; I was never served an adverse action for this specific incident. On the day of the incident, I was ordered to report to the Facility 'B' Canteen and process orders for critical workers during a lockdown. At the time, due to the lockdown situation, there was no custody staff to cover the area. Thus during the confusion, I placed the wrong Inmate number in the computer prior to the sale. (Refer to SVSP Facility 'B' Operational procedures for Canteen during that specific time period)

- The April of 2004 Letter of Instruction is not accurate; the individual did not state that she injured herself; she only gave me advice on parking the forklift in another

area farther from the walkway. She did not appear injured, I responded politely. I wrote a memo to Mrs. E Beza concerning the facts of the incident immediately after I was informed. My negative response was due to the defending myself on what actually occurred.

- I do not agree with the performance evaluation I received for the period from November 2002 to November 2003.

- To the best of my knowledge I do not have any pending adverse actions. The Adverse Action dated March 3rd, 2003 is the only adverse that I am aware is in my personnel file. I am in the process of requesting its removal.

- The information from the Letter of Instruction dated August 9, 2001 is incorrect. There was no monetary loss from leaving the service window open. I was within ten feet of the window, and inside the canteen while the window was open. Both doors were locked and no inmates were inside.

- I concur with the letter dated February 27, 2002 and October 11th, 2001. However verbal instruction prior to a Letter of Instruction was omitted in the employee disciplinary process.

- I did not use any Illegal substance while undergoing any background investigation for a Department of Corrections job position. The three incidences of use that I listed were only experimental. I did not ever use any illegal controlled substance in my lifetime besides those three specific incidences.

- I do posses a Masters of Business Administration in Management from Golden Gate University. This was completed in May of 2003. The Diploma is in the Administration office at Golden Gate University in San Francisco, pending payment of a balance due on my tuition of $ 3,200.00. I have enclosed an official evaluation showing the completed required courses.

The salary that I am currently earning is below my minimum requirements and below the gross salary I earned in my years as a Correctional Officer. This is causing continued financial hardships. Please reconsider the decision on my background, if you have any questions please contact me at Salinas Valley State Prison.  Thank You.

Sincerely,

*R. Marinello*

Rosario Marinello

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**HUMAN RESOURCES**
**OFFICE OF PEACE OFFICER SELECTION**



Central Selection Center
Background Investigation Unit
2510 South East Avenue, Suite 360
Fresno, CA 93706

February 1, 2006

Mr. Rosario Marinello
2266 North Main Street, Apt. 165
Salinas, CA 93906

Dear Mr. Marinello,

I am in receipt of your letter dated January 24, 2006. In this correspondence you stated you were appealing our decision regarding your recent application for a Correctional Counselor I position. You also requested that our decision not to clear your Background Investigation be reconsidered.

A review was conducted of your background investigation and the information provided in your correspondence. Based on this review, it has been determined that justification to support the reversal of the original determination is insufficient.

As noted in the earlier correspondence sent to you dated January 9, 2006, appealing to the Background Investigation Unit is not the proper avenue for appeal. Therefore, we are not able to respond to your request for appeal of our decision. Merit issue appeals fall under the jurisdiction of the California State Personal Board, information regarding appeals of the Individual Service Request process may be obtained by referencing the Departmental Operations Manual (DOM) section 31060.9.3.3.

Sincerely,

Valerie M. Klassen, Chief
Office of Peace Officer Selection
California Department of Corrections & Rehabilitation.



CALIFORNIA STATE PERSONNEL BOARD        ARNOLD SCHWARZENEGGER, Go

801 Capitol Mall • Sacramento, California 95814 • www.spb.ca.gov

March 23, 2006

Mr. Rosario Marinello
60 Stephanie Drive, #B202
Salinas, CA  93901

<u>Re: SPB Case No. 04-2148</u>

Dear Mr. Marinello:

The Appeals Division has completed reviewing the information you and the Department of Corrections and Rehabilitation (CDCR) submitted regarding the above appeal for Correctional Officer.

CDCR sent an email to the State Personnel Board (SPB) on March 23, 2006, explaining you were accepted into the examination, passed and are currently on the certification list.

Therefore, SPB is closing your appeal, as the department has agreed to return your name to list eligibility for the position of Correctional Officer.

I appreciate the interest you have shown in employment and promotion with the State of California and wish you success in your future endeavors.

Sincerely,

R.D. Hyde
Associate Personnel Analyst
Appeals Division

cc:    Michele Hamilton, Manager
       Selection Support Services
       Department of Corrections & Rehabilitation
       2201 Broadway
       Sacramento, CA  95818

       Personnel Officer
       Corrections - Personnel
       1515 S Street, South Bldg.
       Sacramento, CA  95814

Case # C-08-0664-JW

Exhibit# ___16_____

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    ARNOLD SCHWARZENEGGER, GOVERNOR

**OFFICE OF INTERNAL AFFAIRS – NORTHERN REGION**
10th Old Placerville Road, Suite 200
Sacramento, CA 95827

*16*



August 23, 2006

Rosario Marinello
2266 N. Main #165
Salinas, CA 93906

Dear Material Stores Supervisor I Marinello:

This is to inform you Internal Affairs-Northern Region (IA-N) has initiated an administrative investigation in which you have been identified as the subject.  It is alleged on March 30, 2006, you called Officer G. Luna to release inmate Perez (P-44540) to work in the Facility A Canteen.  On this date, Facility A was under a modified program and inmate Perez was not on the Critical Workers List.    Additionally, it is alleged that on March 30, 2006, you were over-familiar with inmate Perez, and gave him state property (potato chips in a paper bag).  Based on the nature of the allegations  T. Hedgpeth, Chief Deputy Warden (A), requested IA-N conduct the investigation.

You may expect to be contacted by the assigned investigator, Bruce Forsterer to schedule an investigatory interview with you.  You will be notified at least 24 hours in advance of the place, date, and time of the interview and the scope of the investigation.

We appreciate your cooperation and patience during our investigation of this matter.  If you have any questions regarding this process, you may contact our office at (916) 255-0855.

Sincerely,

Vincent Schumacker
Senior Special Agent
Internal Affairs-Northern Region

CC: N-II-SVSP-356-06-A

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# ADVISEMENT OF RIGHTS - ADMINISTRATIVE INQUIRY
CDC 989 C (10/91)

## INSTRUCTIONS
Prepare one form for each Interrogation.  One copy is to be furnished each person Interrogated.

| | |
|---|---|
| DATE:<br>September 6, 2006 | INTERROGATION SITE:<br>Salinas Valley State Prison |

PERSON(S) INTERROGATED:
R. Marinello, MSSI

INTERROGATOR(S):
Bruce Forsterer, Special Agent,

OTHERS PRESENT AND THEIR INTEREST:

| | | |
|---|---|---|
| PERSON IN CHARGE:<br>Bruce Forsterer, Special Agent | TIME STARTED: | TIME FINISHED: |

The date is September 6, 2006.
The time is approximately

 This is an official inquiry concerning the California Department of Corrections, It is alleged on March 30, 2006, you called Officer G. Luna and informed him inmate Perez (P-44540) was authorized to work in the Facility A Canteen while Facility A was under a modified program.  Perez was not on the Critical Workers List. Additionally, it is alleged that on March 30, 2006, you were over-familiar with inmate Perez, and gave him state property (potato chips in a paper bag).
The inquiry is being tape recorded at Salinas Valley State Prison.
Special Agent Bruce Forsterer is in charge of this interrogation and is being assisted by
Also present, and their interest in this matter is

This is an administrative inquiry and as such, you do not have the right to refuse to answer.  The truth is expected as is your entire knowledge relative to items discussed.  If you refuse to respond or answer questions relating to the performance of your duties, it will be grounds for adverse personnel action which could result in your dismissal from the Department.  If you do answer, none of your statements nor any information or evidence which is gained by reason of such statements can be used against you in any criminal proceedings.

 promise or reward will be made as an inducement for the answer to any question.

You may record any portion of this interrogation or have access to the Department's tape(s) if any further proceedings are contemplated, or prior to any subsequent interrogation.

You have the right to be represented by an individual of your choice who may be present at all times during your interrogation, providing the person chosen is not a subject of this inquiry.

Your representative may participate in the Interview, may ask to have questions clarified, may suggest that you give a more complete answer, may object to questions outside the announced scope of the investigatory interview, and may object to what he or she believes is harassment of you.  However, your representative cannot impede the progress of the interview nor can he or she direct you not to answer any of the questions asked of you.  Do you understand?...

Each person present is requested to identify herself/himself and his/her voice on the tape by giving her/his name, title, and/or classification, and place of employment when applicable. (Record each individual.)

Do you understand?...  Do you have any questions so far?

## TAPE RECORDING(S)

| WHOSE EQUIPMENT WAS USED?<br>☐ DEPARTMENTS?  ☐ OTHER | WERE OTHER RECORDINGS MADE?<br>☐ NO  ☐ YES, BY _____ | HOW MANY TAPES WERE REQUIRED<br>TO RECORD PROCEEDINGS? _____ |
|---|---|---|

| TAPE I.D. NUMBER | FOOTAGE STARTING MARK | ENDING MARK | TOPIC |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | |
|---|---|---|
| SIGNATURE OF INTERROGATOR: | TIME: | DATE: |

| | | |
|---|---|---|
| SIGNATURE OF REVIEWER: | REVIEWER'S NAME (PRINT / TYPE) | DATE SIGNED |

Case # C-08-0664-JW

Exhibit#_____ / 8_____

Case # C-08-0664-JW

Exhibit#_____ *19* _____

## PRE-CHARGE INSTRUCTIONS

This information is being given to you to help you decide whether or not your employment problem can be handled by the United States Equal Employment Opportunity Commission (EEOC). IT IS NOT MEANT TO DISCOURAGE YOU FROM FILING A CHARGE. If you have difficulty understanding these instructions or need special assistance, please ask to speak to one of the Intake Officers.

Our TDD telephone number for hearing- and/or speech-impaired persons is (408) 291-7374.

Sometimes employment practices are unfair, but not illegal. Generally, a charge must be filed within 300 days of the date the alleged act of discrimination occurred. (NOTE: IF YOU HAVE ALREADY FILED A CHARGE WITH THE CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COVERING THE SAME ACTIONS, IT MAY NOT BE NECESSARY FOR YOU TO ALSO FILE WITH THE EEOC. STOP AND ASK TO SPEAK TO AN INTAKE OFFICER BEFORE PROCEEDING.)

We can take only charges of illegal discrimination. This means that the unfair treatment you claim to have received must have happened because of one or more of the reasons below:

16.   Your Race
17.   Your Color
18.   Your Sex
19.   Your National Origin or Ancestry
20.   Your Religious Beliefs
21.   Your Age (If you are age 40 or over)
22.   Your Pregnancy
23.   Your Disability
24.   Retaliation for the following: Because you opposed an act violating one of the laws enforced by the EEOC; because you participated in any way in an investigation or proceeding conducted by the EEOC; or because you associated with someone protected by one of the laws enforced by the EEOC.

**RECEIVED**

SEP   4 2007

**EEOC-SJLO**

UNFAIR TREATMENT THAT IS NOT DUE TO ONE OR MORE OF THE ABOVE REASONS IS NOT HANDLED BY THE EEOC.

If you believe that the action taken against you was based on one or more of the above reasons, please be prepared to explain to the Intake Officer how you were discriminated against and who was treated better than you.

I have read and received a copy of the Pre-Charge Instructions and the Charge Processing Information Sheet.

_9/04/07_    _Rosario Marriello_
Date            Signature

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC)
## SAN FRANCISCO DISTRICT OFFICE CHARGE PROCESSING INFORMATION

On June 13, 1995, the EEOC implemented new charge processing procedures. The new procedures provide for a charge prioritization system. Our priorities are charges in which it appears more likely than not that employment discrimination actually has occurred.

The initial prioritization is based upon the information you provide during the charge intake interview. This information should include either direct evidence (such as verbal or physical harassment which happened in front of named witnesses, or copies of discriminatory papers, photos, posters, etc.) or evidence that you were treated differently in comparison to specific similarly situated individuals not of your race, sex or other basis you identify when you seek to file your charge. Please be prepared to provide names, addresses and telephone numbers of witnesses who have first-hand relevant evidence to provide. We will need to know exactly what they can testify about, how they came to be in possession of the evidence, and what their involvement is in the matter, or with the Respondent, if any. You will also need to provide the date of each discriminatory act taken against you. Charges consisting of unsupported allegations or bare statements of personal beliefs will not likely be pursued by the EEOC.

Should you file a charge, a copy will be sent to the Respondent (the organization charged with discrimination) normally within 10 days of the date that you file the charge.

If, as a result of the charge intake interview, this office determines that it is unlikely that further investigation will result in a finding of a violation of the law(s), this office may dismiss your charge. If that occurs, you will have the right to pursue this matter through private litigation and you will be notified of your right to proceed in U.S. District Court.

If this office concludes that your charge will require additional evidence to determine whether or not continued investigation is likely to result in a finding of a violation of the law(s), you are expected to assist in the investigation by providing information in support of the allegations. If you do not cooperate in a timely manner with the EEOC as it seeks information regarding your charge, your charge will be dismissed. The EEOC has the sole responsibility for determining how the investigation will be conducted. The investigation will consist of one or more of the following procedures: (1) a written request for information; (2) a visit to the Respondent facility to interview witnesses and review records; (3) a Fact Finding Conference which you and the Respondent will attend to provide information, and/or (4) telephone and/or in person interview of those witnesses the EEOC determines to be necessary to the furtherance of the investigation.

**NOTE: If you believe that the Respondent has taken some action against you because you filed the charge, you should contact this office immediately to discuss the matter further. Retaliation by Respondent against Charging Parties or their witnesses is illegal.**

The investigator will contact you to discuss the evidence and its analysis and will give you an opportunity to respond or provide other information before a finding is made. If, at that time, the EEOC finds that the evidence does not support your allegations, the charge will be dismissed and you will be advised of your right to pursue the matter further in U.S. District Court. If a violation of law is found, the EEOC will attempt to obtain the appropriate remedy. If EEOC is unsuccessful in obtaining and appropriate remedy, it may sue the Respondent. If EEOC does not file suit, you will be advised of