1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10   Rosario Marinello,                        NO. C 08-00664 JW

11                    Plaintiff,               **ORDER DENYING DEFENDANT'S**
                                               **MOTION TO DISMISS; DENYING**
12        v.                                   **PLAINTIFF'S MOTION FOR SUMMARY**
                                               **JUDGMENT**
     California Dep't of Corrections &
13   Rehabilitation,

14                    Defendant.
     _____/

15          Rosario Marinello ("Plaintiff"), in *pro per*, brings this action against the California

16   Department of Corrections & Rehabilitation ("Defendant"), alleging a single cause of action for

17   employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

18   2000e, *et seq*.  Plaintiff alleges that Defendant removed him from a promotion list in retaliation for

19   filing an Equal Employment Opportunity Commission ("EEOC") complaint.

20          Presently before the Court are Defendant's Motion to Dismiss and Plaintiff's Motion for

21   Summary Judgment.[1]  The Court found it appropriate to take the matter under submission without

22   oral argument.  <u>See</u> Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court DENIES

23   Defendant's Motion to Dismiss and DENIES Plaintiff's Motion for Summary Judgment.

24

25

26   _____

27          [1]  (Memorandum of Points and Authorities in Support of Defendant California Department of
     Corrections and Rehabilitation's Motion to Dismiss the Amended Complaint, hereafter, "Motion to
28   Dismiss," Docket Item No. 43; Plaintiff's Motion for Summary Judgment, hereafter, "Summary
     Judgment Motion," Docket Item No. 46.)

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Defendant moves to dismiss Plaintiff's Amended Complaint on the grounds that (1) Plaintiff

2    fails to allege that he engaged in any protected activity and (2) Plaintiff fails to allege any causal link

3    between protected activity and an adverse employment action.  (Motion to Dismiss at 3.)

4    In his Amended Complaint, Plaintiff alleges as follows:

5    On February 23, 2007, Plaintiff initiated an EEOC complaint after he was not hired
     for the position of Correction Counselor I ("CCI") at the Correctional Training Facility in

6    Soledad, California ("CTF").  (Amended Employment Discrimination Complaint ¶ 6,
     hereafter, "Amended Complaint," Docket Item No. 41.)  Plaintiff alleges that he was not

7    hired as a CCI because of an internal investigation concerning him that was based on false
     allegations.  (Id.)  On May 10, 2008, Plaintiff received a letter from the CTF Soledad stating

8    that he was no longer eligible for the CCI position through the "Open Promotion List."  (Id.)

9    Based on these allegations, Plaintiff alleges that Defendant's conduct was "discriminatory with

10   respect to . . . [r]etaliation for engaging in [p]rotected [a]ctivities."  (Id. ¶ 5.)

11   Under Title VII, a plaintiff may establish a *prima facie* case of retaliation by showing that (1)

12   he engaged in activity protected under Title VII, (2) the employer subjected him to an adverse

13   employment decision, and (3) there was a causal link between the protected activity and the

14   employer's action.  Passantino v. Johnson & Johnson Cons. Prods. Inc., 212 F.3d 493, 506 (9th Cir.

15   2000).

16   "The term 'protected activity' refers to action taken to protest or oppose statutorily

17   prohibited discrimination."  Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000) (citing 42

18   U.S.C. § 2000e-3).  An adverse employment action is one that is "reasonably likely to deter

19   employees from engaging in protected activity."  See Ray v. Henderson, 217 F.3d 1234, 1243 (9th

20   Cir. 2000).  Filing an EEOC complaint is a "quintessential" activity protected by Title VII.

21   McGinest v. GTE Service. Corp., 360 F.3d 1103, 1125 n.19 (9th Cir. 2004).  A causal link between

22   protected activity and an adverse employment decision may be "inferred from proximity in time

23   between the protected action and the allegedly retaliatory employment decision."  Ray, 217 F.3d at

24   1244 (quoting Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987)).

25   Here, as alleged, Plaintiff engaged in a protected activity by filing a complaint with the

26   EEOC that was intended to protest or oppose what Plaintiff believed to be prohibited discrimination.

27   Plaintiff also alleges that he suffered an adverse employment decision by losing his eligibility to be

28
                                                    2

United States District Court

For the Northern District of California

1   on the Open Promotion List.  With respect to Defendant's contention that Plaintiff has failed to

2   establish a causal link between any protected activity and an adverse employment decision, Plaintiff

3   alleges that he received a letter from Defendant stating that he was no longer eligible for the Open

4   Promotion List three months after filing his February 2007 EEOC complaint.  The Court finds that,

5   under the notice pleading standards, a causal link may be inferred based on the proximity in time

6   between losing eligibility to be on the Open Promotion List and Plaintiff's filing of an EEOC

7   complaint.

8          Accordingly, the Court DENIES Defendant's Motion to Dismiss.  The Court also DENIES

9   Plaintiff's Motion for Summary Judgment as premature.

10         The parties are ordered to appear for a Case Management Conference on **November 24,**

11  **2008 at 10 a.m.**  On or before **November 14, 2008,** the parties shall file a Joint Case Management

12  Statement.  The Statement shall include, among other things, a good faith discovery plan with a

13  proposed date for the close of all discovery.

14         In light of this Order, the hearing on the Motions set for October 27, 2008 is VACATED.

15

16  Dated:  October 21, 2008                             _James Ware_

17                                                  JAMES WARE
                                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28
                                          3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David  Pai David.Pai@doj.ca.gov
Karen K. Huster karenkiyo.huster@doj.ca.gov

Rosario  Marinello
266 Reservation Rd. #f-232
Marina,  CA 93933

**Dated:  October 21, 2008**                                    **Richard W. Wieking, Clerk**

                                                                **By:     /s/ JW Chambers**
                                                                        **Elizabeth Garcia**
                                                                        **Courtroom Deputy**

United States District Court
For the Northern District of California